21575

Sue Humberson LUNSFORD and Michael R. Deddish, Jr., Guardian at Litem, Appellants, v. Danny Len LUNSFORD, Respondent.

(282 S. E. (2d) 861)

*Walter S. Ameika*, North Charleston, *for appellants.*

*Danny Len Lunsford, pro se.*

September 28, 1981.

GREGORY, Justice:

The wife and guardian ad liem appeal the order of the family court denying child support payments. We affirm.

When the Lunsford were divorced in 1974, a settlement agreement was incorporated into the decree releasing the hus-

band from support payments for the couple's two minor children. After obtaining the appointment of a guardian ad litem to represent the interests of the children, this petition for child support was filed in 1979. Following a hearing, the family court judge issued an order denying child support. This appeal followed.

The first issue is whether either parent can agree to release the other from child support obligations. We hold they cannot.

A parent is under a legal obligation to support minor children, and this obligation continues after a divorce. *McLeod v. Sandy Island Corp.*, 265 S. C. 1, 216 S. E. (2d) 746 (1975); *Lee v. Lee*, 237 S. C. 532, 118 S. E. (2d) 171 (1961); *Campbell v. Campbell*, 200 S. C. 67, 20 S. E. (2d) 237 (1942). No agreement can prejudice the rights of children. *Johnson v. Johnson*, 251 S. C. 420, 163 S. E. (2d) 229 (1968). More specifically, the basic right of minor children to support is not affected by an agreement between the parents or third parties as to such support. 27B, C. J. S. Divorce § 319(4), p. 606 (1959); 24 Am. Jur. (2d), Divorce § 845, p. 958 (1966); *Armour v. Allen*, 377 So. (2d) 798 (Fla. App. 1979).

Since the support obligation was not extinguished by agreement of the parents, we must confront the next question of whether the denial of support in this particular case was error.

The wife's (custodial parent's) income has more than doubled since the divorce while the husband's salary has remained the same. She is making over Twenty Thousand ($20,000) Dollars per year compared to his Ten Thousand ($10,000) Dollars. The husband has remarried. The standard of living of the wife and the children is considerably better than that of the husband. Their standard of living has improved since the divorce but his has declined. The wife has the financial ability to adequately meet the needs of the children at the present time. The husband is financially strapped.

In short, the record reflects that the wife is in a much better position to support the children now than when the decree was issued. The reverse is true for the husband.

Accordingly, the denial of child support to the wife by the trial judge is affirmed.

Affirmed.

LEWIS, C. J. and LITTLEJOHN, NESS and HARWELL, JJ., concur.