0029

Rosemary Disher PEEBLES, Appellant-Respondent, v. Melvin Jerome DISHER, Respondent-Appellant.

(310 S. E. (2d) 823)

Court of Appeals

612

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant-respondent.*

*Samuel J. Abrams*, Sumter, *for respondent-appellant.*

Dec. 28, 1983.

GOOLSBY, Judge:

In this action by the mother to secure increased child support, the questions on appeal relate to the validity and effect of an agreement releasing the father from the payment of child support provided for in an earlier divorce decree, the failure of the family court to increase child support, and the award of attorney's fees to the father. Both the mother, Rosemary Disher Peebles, and the father, Melvin Jerome Disher, appeal.

On October 2, 1972, the parties obtained a divorce. The family court awarded custody of the parties' minor son to the mother. The father was ordered to pay $20 weekly in child support. Both the mother and the father subsequently remarried.

Two years later, at the mother's request, the father consented to the adoption of his son. To secure the father's consent, the mother agreed to discontinue efforts to collect past due child support and promised not to seek support in the future. After he executed the consent, and upon the advice of his attorney, the father stopped paying child support. The father understood that the mother's new husband would adopt and care for the child.

About three years passed without any adoption proceedings being instituted. Contact resumed between the child and his father after the mother informed the father the child suffered from an identity problem. The mother and her new husband abandoned the adoption idea.

Three more years went by and the mother brought the present action. During the intervening six years, the mother never sought financial assistance from the father and he neither gave nor offered any. The stepfather supported the child until the summer of 1980.

Neither the mother nor the father ever attempted to amend the divorce decree in order to modify the child support provision. Throughout the entire period, the father remained obligated by the decree to make the prescribed child support payments. By the time of the hearing, the father was approximately $7,700 in arrears.

The family court held that the agreement releasing the father from his child support obligation did not offend public policy until the mother brought the present action and demonstrated the child was without proper support. Apparently, the family court agreed with the father's contention, also made here, that the release agreement bound the mother to take over the father's duty under the decree to support the minor child unless the mother could show that she lacked sufficient assets to support the child properly on her own. On appeal, the mother claims that the agreement has always violated public policy and is totally invalid while the father asserts that the agreement is binding between the former spouses because the mother was not shown to have insufficient assets to assume the father's duty of support.

During argument before this court, counsel for the mother represented that the mother made no claim for child support prior to December 8, 1980, the date on which the rule to show cause issued by the family court was served upon the father. We need not decide, therefore, whether the agreement between the former spouses whereby the noncustodial parent was released from his obligation to pay child support as ordered by the divorce decree in consideration for his consenting to the adoption of his son by the custodial parent's current husband precluded the custodial parent from recovering child support arrearages. *See, e.g. Rodgers v. Rodgers*, 505 S. W. (2d) 138 (Mo. App. 1974): *Larsen v. Larsen*, 5 Utah (2d) 224, 300 P. (2d) 596 (1956).

■ The only question which we need address concerning the release agreement is whether it is binding as to future child support installments. We hold that the agreement does not bar the mother from enforcing the support provisions of the divorce decree irrespective of whether the mother has sufficient assets to assume the father's duty of support.

We believe that the holding in *Lunsford v. Lunsford,* 277 S. C. 104, 282 S. E. (2d) 861 (1981), dictates the result reached by us. In that case, a settlement agreement, which was subsequently incorporated into a divorce decree, contained a provision releasing the husband from the obligation of supporting the couple's two children. The Supreme Court reversed a family court order denying child support and, in doing so, declared:

> A parent is under a legal obligation to support minor children, and this obligation continues after a divorce. *McLeod v. Sandy Island Corp.,* 265 S. C. 1, 216 S. E. (2d) 746 (1975); *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961); *Campbell v. Campbell,* 200 S. C. 67, 20 S. E. (2d) 237 (1942). No agreement can prejudice the rights of children. *Johnson v. Johnson,* 251 S. C. 420, 163 S. E. (2d) 229 (1968). More specifically, the basic right of minor children to support is not affected by an agreement between the parents or third parties as to such support. 27B, C.J.S. Divorce § 319(4), p. 606 (1959); 24 Am. Jur. (2d), Divorce § 845, p. 958 (1966); *Armour v. Allen,* 377 So. (2d) 798 (Fla. App. 1979). 277 S. C. at 105.

Here the agreement irrevocably releasing the father from his obligation to support his son never had family court approval; but the fact that the agreement was not so approved does not matter. *Cf. Linton v. Linton,* 166 Ind. App. 336 N. E. (2d) 687, *reh'g denied,* 166 Ind. App. 428, 339 N. E. (2d) 96 (1975). Because the agreement in *Lunsford* had court approval and the Supreme Court struck it down anyway, we interpret *Lunsford* as holding that parents cannot make a valid irrevocable contract which will relieve either parent of his or her duty to support a minor child. 67A C.J.S. *Parent & Child* § 60, 358 (1978); *see also Garris v. Cook,* 278 S. C. 622, 300 S. E. (2d) 483 (1983); *Major v. Major,* 277 S. C. 318, 286 S. E. (2d) 666 (1982). As long as a person remains a parent of a minor child, the parent's obligation to support the child continues.

Of course, the amount of child support a divorced parent is to pay must be determined by the court after it considers: (1) the needs of the minor child; (2) the incomes, earning capacities, and assets of both parents; (3) the health, age, and general physical conditions of both parents; and (4) the necessities and living expenses of both parents. *Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App. 1983). Necessarily, where a divorce decree has set the amount which a parent is to pay in child support the parties to the decree cannot themselves reduce the amount. Court approval is required. *Ex parte Payne*, 598 S.W. (2d) 312 (Tex. Civ. App. 1980).

We affirm the family court's order to the extent that it can be regarded as holding that a custodial parent is not prohibited from seeking further child support payments because of an agreement between former spouses that releases the noncustodial parent from the obligation to support a minor child.

Although the family court found that "until the commencement of this action [on December 8, 1980] that the [father] had no obligation to pay child support," it directed the father to resume child support payments beginning on January 5, 1981. The family court refused the mother's request that the amount be increased over the amount set eight years earlier. The mother argues on appeal that the family court's refusal to increase child support constituted error as did its failure to direct support payments from December 8, 1980.

The family court made no findings of fact detailing its consideration of the factors deemed relevant by the Supreme Court for a proper determination of child support. *See Graham v. Graham*, 253 S. C. 486, 171 S. E. (2d) 704 (1970). The case, therefore, is remanded for a new determination of child support and for appropriate findings of fact in accordance with Family Court Rule 27(C). *Atkinson v. Atkinson, supra.*

Because the action was commenced on December 8, 1980, and because even under the family court's view the father had a duty once more to support his son from that day forward, the mother's entitlement to recover from the father the child support ordered by the divorce decree shall date from then and not from January 5, 1981, a date arbitrarily selected by

the family court. The order appealed from, therefore, is accordingly modified.

Finally, the family court ordered the father reimbursed the sum of Three Hundred Sixty Dollars ($360) for attorney's fees. The family court directed that the reimbursement be satisfied from child support funds by excusing the father from paying support for an eighteen-week period. The mother's appeal challenges not only the attorney's fees award but also the method by which the award was to be paid.

■ In awarding the father attorney's fees, the family court did not set forth the salient facts upon which it based its conclusion regarding the amount of the award. *Cf. Atkinson v. Atkinson, supra.* The family court's failure to make appropriate findings of fact in this respect, however, is of little consequence because we reverse the attorney's fees award on the ground that the family court abused its discretion in making the award in the first place and in making the award in the manner that it did. 27A C.J.S. *Divorce* § 220 (1959); *cf. Gainey v. Gainey,* S. C. 301 S. E. (2d) 763 (S. C. 1983).

The family court awarded the father attorney's fees because the mother instituted the instant action without first demanding that he support their son and without first threatening him with a contempt action and because the father successfully defended himself against both the contempt allegations and the mother's claim for back child support.

■ Neither a demand for payment nor a threat of contempt directed to the father was needed in order for the mother to seek judicial clarification of the father's support responsibilities toward his own child. Besides, we seriously doubt that such a demand or threat would have done any good at all. As the record makes clear, the father has fought the mother's action every step of the way. Obviously, the action was necessary for the mother to secure appropriate financial assistance from the child's father.

In bringing the instant action, the mother accomplished her primary objective. She re-established by a court decree the father's obligation to pay child support. Because the mother achieved the principal relief sought by her, the father should not have been accorded attorney's fees particularly at the expense of his son.

The judgment is accordingly affirmed, as modified, remanded to the lower court for a determination of appropriate child support, and reversed as to attorney's fees.

Affirmed in part as modified, reversed in part, and remanded.

SHAW and CURETON, JJ., concur.