23384

Edward R. HOLCOMBE, Appellant v. Sonya HARDEE, Respondent.
(405 S.E. (2d) 821)
Supreme Court

*Nancy M. Young*, Columbia, *for appellant.*

*J. Edward Holler*, Columbia, *for respondent.*

Heard Feb. 4, 1991; Decided April 22, 1991.

Rehearing Denied July 9, 1991.

TOAL, Justice:

This is an appeal from a support action in which appellant, Edward R. Holcombe (father) unsuccessfully sought contribution to the support of the parties' minor child from respondent, Sonya Hardee (mother), the noncustodial parent. We reverse and remand.

## FACTS

Edward R. Holcombe and Sonya Hardee had two minor children, Timothy and Kevin. The parties were divorced in 1981. At that time, mother was awarded custody of the children, but, pursuant to an agreement between the parties, Timothy lived with mother, Kevin with father.

In 1988, when he was sixteen (16) years old, it was discovered that Kevin was severely dyslexic and needed to attend a school where he could obtain intensive instruction. Kevin and his father decided that Kevin would attend the Landmark School in Boston, Massachusetts because that school would accept Kevin, even though it was the middle of the school year and Kevin's age was considered to be advanced for starting such a program.

Kevin completed one semester of Landmark's water-based program at a cost to his father of approximately $16,000. There were additional costs for air fare and testing. Costs for the 1989-90 school year, which Kevin has already completed at this time, were expected to exceed $27,950.

On November 23, 1989, the father brought an action for legal custody and support of Kevin and attorney fees and costs. The mother answered and counterclaimed on January 4, 1989, seeking custody, support, attorney fees and costs. The parties signed a consent order on May 2, 1989, in which custody was awarded to the father. The support issue was reserved until the final hearing, which was held on June 5, 1989. The special family court judge issued an order on July 5, 1989, in which he found that mother was not able to contribute to Kevin's support and declined to require her to do so. The fam-

ily court also ordered the parties to pay their own attorney fees. This appeal ensued.

## LAW/ANALYSIS

The father argues that the trial judge's order did not include sufficient findings of fact in violation of Family Court Rule 26(a) and that the trial court erred in refusing to require the mother to pay child support. The mother argues that the trial judge's Order was sufficient, that the trial judge did not abuse his discretion, and that the issue, because of the unlikelihood of repetition, is moot now that Kevin has attained the age of eighteen (18) years.

Initially, we note that Kevin is eighteen (18) years old, has graduated from the Landmark School, and is attending college. The issue of Kevin's support, however, is not moot because a question still remains as to whether the father should have received child support before Kevin attained age eighteen (18). Any question of contribution for Kevin's college expenses would be the subject of another proceeding. *Risinger v. Risinger*, 273 S.C. 36, 253 S.E. (2d) 652 (1979).

Family Court Rule 26(a) requires that "[a]n order of judgment pursuant to an adjudication in a domestic relations case shall set forth the specific findings of fact and conclusions of law to support the court's decision." In addition, when an Order is issued in violation of Rule 26(a), this Court may remand the matter to the trial court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence. *Strout v. Strout*, 284 S.C. 429, 327 S.E. (2d) 74 (1985).

The family court's order at best minimally complies with Family Court Rule 26(a) in that it does not contain sufficient findings of fact in support of its conclusions. The family court listed the factors to be considered in awarding child support and stated that it had considered them but failed to make findings of fact concerning those factors.

A parent is under a legal obligation to support minor children, and this obligation continues after a divorce. *Lunsford v. Lunsford*, 277 S.C. 104, 282 S.E. (2d) 861 (1981). The factors to be considered in determining whether or not to award child support are both parents': (1) incomes;

(2) ability to pay; (3) education; (4) expenses; (5) assets; and (6) the facts and circumstances surrounding each case. *Miller v. Miller*, 299 S.C. 307, 384 S.E. (2d) 715 (1989).

The record shows that the mother has a potential income of $38,000 a year. She also owns several pieces of investment real estate, located in the Myrtle Beach area, on which she manages to service debt of approximately $450,000. The record reveals that the mother has many assets to which she could look in order to satisfy her child support obligation. It is undisputed that Kevin was in need of special schooling. We find that mother had the ability to pay child support; however, without additional evidence, such as the financial declarations of the parties, this Court is unable to determine the extent of the mother's obligation. The matter is therefore remanded to the trial court for a determination of the amount of child support required of Respondent Sonya Hardee for the period after custody of Kevin was awarded to Holcombe and before Kevin attained age eighteen (18).

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.