589 S.E.2d 769

**Thomas Durrette WOOTEN, Jr., Respondent,**

v.

**Mona Rae Howell WOOTEN, Appellant.**

No. 3685.

Court of Appeals of South Carolina.

Submitted Sept. 8, 2003.

Decided Oct. 20, 2003.

Rehearing Denied Dec. 18, 2003.

---

Robert Rosen, of Charleston, for Appellant.

James T. McLaren and C. Dixon Lee, III, both of Columbia; and Lon H. Shull, of Mt. Pleasant, for Respondent.

KITTREDGE, J.

In this domestic action, Mona Rae Wooten (Wife) appeals from the family court's order denying her request to require Thomas Durrette Wooten, Jr. (Husband) to secure his alimony support obligation with a life insurance policy. We affirm.

## FACTS/PROCEDURAL HISTORY

Wife and Husband married in March 1976 and separated in February 1999. . Husband commenced this action against Wife in June 1999 seeking an order of separate maintenance, equitable division of marital property, and related relief. Wife answered, generally denying Husband's entitlement to the relief sought in his complaint. She also counterclaimed seeking, among other things, an award of alimony and an order requiring Husband to maintain or procure insurance on his life for the benefit of Wife and the parties' children.

Following a five-day hearing in April and May 2000, the family court awarded Wife, among other requested relief, one-half the value of the parties' marital estate ($664,078), and $4,300 per month in permanent, periodic alimony.[1] Furthermore, the family court specifically reserved jurisdiction to determine Wife's request for an order requiring Husband to secure his alimony obligation with a life insurance policy naming Wife as beneficiary. After a subsequent hearing, the court issued a December 2001 order finding Wife failed to establish any compelling reason requiring such security. This appeal follows.

---

1. Husband separately appealed the award of alimony.

## ISSUES

I. Did the family court err in ruling that a "compelling reason" must exist to require a supporting spouse to secure his or her alimony obligation with life insurance?

II. Did the family court err in failing to evaluate the request for life insurance in the light of the statutory factors?

## STANDARD OF REVIEW

■ In appeals from the family court, the appellate court has authority to find the facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford*, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). However, this broad scope of review does not require us to disregard the findings of the family court. *Stevenson v. Stevenson*, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson*, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).

## LAW/ANALYSIS

### I. Appropriate Standard

■ As a primary issue on appeal, Wife asserts the family court employed an inappropriate standard in considering her request that Husband be required to secure his alimony obligation. We hold the family court judge correctly ruled that a "compelling reason" must exist to warrant the maintenance of life insurance by the supporting spouse. *See McElveen v. McElveen*, 332 S.C. 583, 603, 506 S.E.2d 1, 11 (Ct.App. 1998) (securing alimony and child support obligations with life insurance policies proper only under compelling circumstances).

Wife acknowledges that a "compelling reason" must be shown to require the purchase or maintenance of life insurance as security for a child support obligation. The child support statute, S.C.Code Ann. § 20–3–160 (1976), has since its inception recognized the availability of life insurance as

security for the support obligation. The statute is silent as to the appropriate standard, yet Wife is constrained by long-standing case law to concede that life insurance may not be required to secure the payment of child support in the absence of a compelling reason to do so.

The alimony statute, S.C.Code Ann. § 20–3–130, was amended in 1990 to expressly provide for life insurance on the supporting spouse for the benefit of the supported spouse.[2] Before 1990, such relief was available pursuant to case law. *See Hardin v. Hardin,* 294 S.C. 402, 404–405, 365 S.E.2d 34, 35–36 (Ct.App.1987) (recognizing that family court may, under "special circumstances," require a supporting spouse to secure an alimony obligation with a life insurance policy).

Section 20–3–130(D), like the child support counterpart in section 20–3–160, is silent as to the proper standard. Wife argues that one effect of the 1990 amendment was to remove the "compelling reason" standard. We disagree. We discern no legitimate reason, from legislative history or otherwise, to require a lesser threshold standard for imposing life insurance or other security with respect to the payment of alimony. The precedent of this court, both before and after 1990, has consistently applied the "compelling reason" standard to secure the payment of alimony and child support. *See, e.g., McElveen,* 332 S.C. at 603, 506 S.E.2d at 11; *Hardin,* 294 S.C. at 404–405, 365 S.E.2d at 35–36.

## II. Statutory Factors

Wife next contends the family court judge erred in failing to evaluate the request for life insurance in the light of the statutory factors enumerated in S.C.Code Ann. § 20–3–130(D) (Supp.2002). We disagree.

---

2. S.C.Code Ann. § 20–3–130(D) (Supp.2002) provides:

In making an award of alimony or separate maintenance and support, the court may make provision for security for the payment of the support including, but not limited to, requiring the posting of money, property, and bonds and may require a spouse, with due consideration of the cost of premiums, insurance plans carried by the parties during marriage, insurability of the payor spouse, the probable economic condition of the supported spouse upon the death of the payor spouse, and any other factors the court may deem relevant, to carry and maintain life insurance so as to assure support of a spouse beyond the death of the payor spouse.

■ The alimony statute sets forth certain factors to which the family court judge must give "due consideration" when "mak[ing] provision for security for the payment of [alimony]." Here, the request for life insurance to secure the payment of alimony was denied because Wife failed to establish a compelling reason to do so. While it is preferable for the family court judge to address the statutory factors enumerated in section 20–3–130(D), the deficiency here does not require us to vacate the judgment below. *See Griffith v. Griffith*, 332 S.C. 630, 646–47, 506 S.E.2d 526, 535 (Ct.App.1998)("[W]hen an order from the family court is issued in violation of Rule 26(a), SCRFC, the appellate court 'may remand the matter to the trial court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.' ")(quoting *Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991)). In the present matter, the family court made findings regarding the health condition of each party, Wife's earnings and benefits from employment, and Husband's longstanding practice of making his alimony payments in a timely manner. Having carefully canvassed the record, we concur with these findings. Moreover, we have examined the record in light of the statutory factors and conclude the court correctly denied Wife's request for life insurance to secure the payment of alimony.

■ Wife relies heavily on the self-evident truth that she, like any former spouse receiving alimony, would benefit financially from life insurance in the event of the payor's death. That fact, however, does not translate into a "compelling reason," for to so hold would essentially require life insurance in almost every case where alimony is awarded. It is significant to note that alimony terminates upon certain conditions, including the death of either spouse. *See* S.C.Code Ann. § 20–3–130(B)(1) (1976). A court-mandated requirement for life insurance to secure the alimony payments is the exception, not the rule.

**AFFIRMED.**

STILWELL and HOWARD, JJ., concur.