THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marion Ann Currow, Personal Representative For The Estate Of James Marion 
 Glaze, Appellant,
v.
Evelyn M. Glaze, Respondent.
 
 
 

Appeal From Charleston County
 Frances  P. Segars-Andrews, Family 
 Court Judge

Unpublished Opinion No. 2005-UP-019
Submitted January 1, 2005  Filed January 
 13, 2005

AFFIRMED

 
 
 
Cynthia Barrier Castengera, of Newland and David Dusty Rhoades, of Charleston, 
 for Appellant.
Evelyn M. Glaze, of Charleston, Pro Se Respondent.
 
 
 

PER CURIAM:  Marion Ann Currow, as Personal Representative for the Estate 
 of James Marion Glaze (Husband), appeals the decision of the family court reaffirming 
 its order that Husband maintain life insurance on his ex-wife, Evelyn M. Glaze 
 (Wife), as security for alimony.  We affirm. [1]   
FACTS
This domestic relations action was originally heard before the family court 
 in 2001.  The family courts 2001 order, among other things, granted the parties 
 a divorce, awarded alimony to the Wife, and  required Husband to maintain a 
 life insurance policy naming Wife as the beneficiary.   Husband appealed, and 
 this Court, in Unpublished Opinion No. 2003-UP-258 (filed April 8, 2003), remanded 
 the case to the family court.  We held the court failed to indicate the basis 
 for its requirement that husband maintain a life insurance policy naming Wife 
 as the beneficiary.  Further, the family court had failed to consider the statutory 
 factors for ordering life insurance as security for alimony.
Accordingly, in September of 2003, the family court issued an order from the 
 hearing on remand, addressing the statutory factors.  The court reaffirmed its 
 2001 order establishing security for alimony in the form of life insurance.  
 Subsequently, in October of 2003, Wooten v. Wooten, 356 S.C. 473, 589 
 S.E.2d 769 (Ct. App. 2003) cert. granted June 24, 2004, was published.  
 Wooten established that a compelling reason must exist to warrant the 
 maintenance of life insurance by the supporting spouse.  356 S.C. at 476, 589 
 S.E.2d at 770-71 (internal quotation marks omitted).  The Wooten court 
 further ruled the sole fact that a former spouse would benefit financially from 
 life insurance in the event of the payors death did not  establish a compelling 
 reason for requiring life insurance as security for alimony.  Id. at 
 478, 589 S.E.2d at 771-72.  Based on the intervening release of Wooten, 
 Husband filed a Rule 59(e) motion, which was denied.  He now appeals, contending 
 the family court on remand erred in its analysis and application of the statutory 
 factors set forth in S.C. Code Ann. § 20-3-130(D) (Supp 2003). 
LAW/ANALYSIS
I.       Analysis of § 20-3-130(D)
S.C. Code Ann. § 20-3-130(D) (Supp. 2003) provides:

In making an award of alimony or separate maintenance and support, 
 the court may make provision for security for the payment of the support including, 
 but not limited to, requiring the posting of money, property, and bonds and 
 may require a spouse, with due consideration of [1] the cost of premiums, 
 [2] insurance plans carried by the parties during marriage, [3] insurability 
 of the payor spouse, [4] the probable economic condition of the supported 
 spouse upon the death of the payor spouse, and [5] any other factors 
 the court may deem relevant, to carry and maintain life insurance so as to assure 
 support of a spouse beyond the death of the payor spouse.

(Alterations added).  
On remand, the family court examined each of these factors.  The first factor 
 is the cost of premiums.  The court found that Husband, who by that time was 
 deceased, had carried the policy in question for years.  The court opined that 
 the premiums up until his death were not considerable nor were they a new expense 
 related to the issuance of this courts order.  
The second factor looks to insurance plans carried by the parties during marriage.  
 The court noted that the Husband carried the policy in question during the marriage, 
 and therefore, it was not a new burden.  
The third factor, that of insurability of the payor spouse, was questionable 
 as both the [Husband] and the [Wife] were in demonstrably poor health.  However, 
 because the policy was already in place, the insurability of the payor spouse 
 was not an issue.  
The fourth factor is the probable economic condition of the supported spouse 
 upon the death of the payor spouse.  The record reveals that both Husband and 
 Wife were in poor economic condition.  Unfortunately, Husband died; it was found 
 that the economic condition of the Wife upon Husbands death was poor.  
Finally, the statute provides that the court consider any other factors which 
 the court deems may be relevant.  Here, the family court found that the alimony 
 awarded to Wife would have been a nullity without the insurance policy as appropriate 
 security.  
As instructed, the family court examined the factors established 
 by our legislature and codified in § 20-3-130(D).  We find no abuse of discretion.  

II.      Compelling Reason Standard/Wooten
Husband contends that Wooten requires reversal of the family 
 court.  We disagree.  In its November 2003 order denying Husbands Rule 59(e) 
 motion, the court acknowledged that it had specifically considered the case 
 of Wooten v. Wooten.  The citation of Wooten v. Wooten in the 
 Rule 59(e) order clearly reveals that the family court judge undertook an analysis 
 of Wooten concerning the compelling reasons test.  Based on the economic 
 considerations and the age of the parties as discussed by the family court in 
 connection with its analysis of § 20-3-130(D), we conclude there was a sufficiently 
 compelling reason to require security for alimony in this case.  
CONCLUSION
Based on the foregoing, the order of the 
 family court is 
AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., 
 concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.