THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robert Brown, Respondent,
 v.
 Mae Ola Brown, Appellant.
 
 
 

Appeal From Orangeburg County
 Dale Moore Gable, Family Court Judge
Unpublished Opinion No. 2008-UP-165
Submitted March 3, 2008  Filed March 12,
 2008
AFFIRMED

 
 
 
 Lawrence Keitt, of Orangeburg, for Appellant.
 W. D. Rhoad, of Bamberg, for Respondent.
 
 
 

PER CURIAM:  In
 this domestic action, Mae Ola Brown (Wife) appeals the family courts
 order requiring Robert Brown (Husband) to pay alimony retroactive to April 1,
 2006.  Wife argues Husband owes her alimony dating back to a temporary divorce hearing on January 15, 2004.  Additionally, Wife argues the family court failed to set forth specific findings of
 fact and conclusions of law in deciding not to award retroactive alimony as
 required under Rule 26(a) of the South Carolina Rules of Family Court.  We affirm.[1]  
FACTS
Husband and Wife were married on November 7, 1970.  After thirty
 two years of marriage, the couple separated in September of 2003.  Husband and
 Wife had two children born out of the marriage who are now emancipated.  During
 the marriage, Husband worked as a plumber and as of the date of the divorce
 hearing, Husband had been working for himself for ten years.  Since 1979, Wife
 has worked for Farmers and Merchants Bank in Holly Hill.  Wife and Husband testified
 Husband paid their bills during the marriage, including the house payment until
 he left their marital home.  Since Husband left the marriage, Wife testified
 she has supported herself and borrowed money from family members.  
On September 3, 2003, Husband filed for divorce on the basis of
 adultery and sought an equitable division of marital property.  Wife answered
 and counterclaimed seeking permanent and temporary alimony.  Further, she
 denied Husbands adultery allegations.  Wife alleged adulterous conduct by
 Husband and also sought an equitable division of the marital estate and alimony. 
 In a temporary order dated January 26, 2004, the family court did not rule on
 whether to award temporary alimony but held this ruling in abeyance pending a
 final hearing.  
In its final decree of divorce on April 17, 2006, the family court
 found Wife proved by clear and convincing evidence that Husband committed
 adultery and granted her a divorce on this ground.  The family court found Husband
 failed to prove his allegations of Wifes adultery and denied granting him a
 divorce on the basis of Wifes adultery or on the ground of one year continuous
 separation.  Additionally, the family court ordered Husband to pay $600 per
 month in alimony to Wife, retroactive to April 1, 2006.  The family court also
 granted Wife exclusive possession of the marital home and ordered Husband to
 pay $7,000 in attorneys fees and costs.  This appeal follows. 
STANDARD OF REVIEW
On
 appeal from a family court order, this court has authority to correct errors of
 law and find facts in accordance with our own view of the preponderance of the
 evidence.  E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814
 (1992).  However, [q]uestions concerning alimony rest with the sound
 discretion of the [family] court, whose conclusions will not be disturbed
 absent a showing of abuse of discretion.  Kelley v. Kelley, 324 S.C.
 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996).  The family
 court abuses its discretion when factual findings are without evidentiary
 support or a ruling is based upon an error of law.  Smith v. Doe, 366
 S.C. 469, 474, 623 S.E.2d 370, 372 (2005).
DISCUSSION
I. Denial of retroactive
 alimony 
Wife argues the
 family court abused its discretion in denying her retroactive alimony to the
 date of the temporary hearing on January 15, 2004.  We disagree. 
The
 decision to order retroactive support rests within the sound discretion of the
 family court and should not be reversed absent an abuse of discretion of the
 family court.  Thornton v. Thornton, 328 S.C. 96, 115, 492
 S.E.2d 86, 96 (1997).  Alimony is a substitute for the support which is
 normally incident to the marital relationship.  Johnson v. Johnson, 296
 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988)  Factors to be
 considered in making an alimony award include: (1) duration of the marriage;
 (2) physical and emotional health of the
 parties; (3) educational background of the parties; (4) employment history and
 earning potential of the parties; (5) standard of living established during the
 marriage; (6) current and reasonably anticipated earnings of the parties; (7)
 current and reasonably anticipated expenses and needs of the parties; (8)
 marital and nonmarital properties of the parties; (9) custody of children; (10)
 marital misconduct or fault; (11) tax consequences; and (12) prior support
 obligations; as well as other factors the court considers relevant. S.C. Code
 Ann. § 20-3-130(C) (Supp. 2007).  Furthermore, when determining an alimony
 award, courts may consider the amount received in equitable distribution.  Josey
 v. Josey, 291 S.C. 26, 33, 351 S.E.2d 891, 895-96 (Ct. App. 1986).  
 
On
 January 15, 2004, Wife requested alimony during the temporary hearing.  The
 family court denied her request based on Husbands allegations of adultery, and
 deferred ruling on whether to award retroactive alimony until the final
 hearing.  Wife contends two years and three months lapsed between the initial
 hearing and the final hearing, and during that time she borrowed money from her
 family to help support herself.  
In
 its temporary order, the family court awarded Wife temporary use and possession
 of the marital home and its contents.  Thereafter, in its final decree, the
 family court found the parties enjoyed a reasonable standard of living during
 their marriage.  In addition to equitably dividing the marital estate, the
 family court noted none of the marital property had any debt associated with it
 and granted Wife ownership of the marital home.  Furthermore, the family court
 found Wife had inherited an interest in three acres of land with her brothers
 from her mothers estate which was nonmarital property valued at $19,000.  The
 family court also awarded Wife $7,000 in attorneys fees and costs.
In
 its final ruling, the family court found Wife had a monthly income of $1,375. 
 Wife testified she and Husband filed separate tax returns for the past thirteen
 years, and in recent years Wife filed as a single, unmarried person.  In
 addition, Wife admitted she and Husband had lived separate lives for nearly
 ten years prior to their divorce.  Though Wife alleged she borrowed money from
 her family to make ends meet after Husband moved out, nothing in the record
 indicates the total amount loaned or the amount Wife needed to repay.  Moreover,
 in regards to Wifes monthly expenses at the time the couple separated, Wife
 testified the couples marital home was paid off, but she still incurred
 monthly expenses from electric and insurance bills, laundry and dry cleaning,
 and life and health insurance.[2] 
 Specifically, Wife testified her monthly bills included $70 in home insurance
 and between $300 and $350 in utility bills.  However, we note Wifes financial
 declarations, though discussed in testimony, were not included as part of the
 record on appeal.  Wife, as appellant, has the burden of presenting a
 sufficient record to allow review. See, e.g., Helms Realty, Inc. v.
 Gibson-Wall Co., 363 S.C. 334, 339, 611 S.E.2d 485, 447-48 (2005); Harkins
 v. Greenville County, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000).  
 
We
 find the family court properly considered the factors set forth in section
 20-3-130(C) in deciding to award alimony and determining when payments would
 begin.  Therefore, based on the family courts consideration of the couples standard
 of living established during the marriage; each parties current and reasonably
 anticipated earnings; marital and nonmarital properties of the parties; and the
 amount each party received in the equitable distribution of marital property,
 we find the family court did not abuse its discretion in denying Wife
 retroactive alimony.  Additionally, we note the family court based its alimony
 award upon the length of the marriage, the relative income of the parties and
 those other factors necessary to be considered in awarding alimony . . . .  Accordingly,
 we affirm the family courts order
 requiring Husband pay $600 per month in alimony to Wife, retroactive only to
 April 1, 2006.  
II.  Rule 26(a) of the South Carolina Rules of Family Court
Wife argues the family
 court failed to set forth specific findings of facts and conclusions of law in
 deciding not to award retroactive alimony as required under Rule 26(a), SCRFC. 
 Instead, Wife argues the family court summarily stated it declined to award
 retroactive alimony.  We disagree.  
Rule 26(a), SCRFC,
 provides: An order or judgment pursuant to an adjudication in a domestic
 relations case shall set forth the specific findings of fact and conclusions of
 law to support the courts decision.  However, we note not every violation of
 Rule 26(a) requires reversal.  See,
 e.g., Holcombe v. Hardee, 304
 S.C. 522, 524, 405 S.E.2d 821, 822 (1991); Bowers v. Bowers, 349 S.C.
 85, 98-99, 561 S.E.2d 610, 617 (Ct. App. 2002); Griffith v. Griffith,
 332 S.C. 630, 646-47, 506 S.E.2d 526, 535 (Ct. App. 1998).  [W]hen an order
 from the family court is issued in violation of Rule 26(a), SCRFC, the
 appellate court may remand the matter to the trial court or, where the record
 is sufficient, make its own findings of fact in accordance with the
 preponderance of the evidence. Griffith, 332 S.C. at 646-47, 506 S.E.2d
 at 535 (quoting Holcombe v. Hardee, 304 S.C. at 524, 405 S.E.2d at 822).
  In the case sub judice, we find the record on appeal sufficient
 for this court to make its own findings. 
In
 asserting the family court erred by failing to make the specific findings of
 fact as required by Rule 26(a), Wife references the family courts order
 rendered in response to her notice of motion and motion for reconsideration.   The
 order denying Wifes motion to reconsider references matters appearing of
 record in the file . . . .  Therefore, we find it unnecessary for this order
 to set forth factual findings and conclusions of law in light of the original
 divorce decrees specific findings of fact and conclusions of law to support
 its decision.  Furthermore, as aforementioned, we found the family court, in
 the final divorce decree, properly considered the factors set forth in section
 20-3-130(C) in its final divorce decree decision of whether to award alimony
 and when payments would begin.  For that reason, the family court satisfied
 Rule 26(a), SCRFC, and the divorce decree was part of the record on appeal. Therefore,
 we find sufficient facts in the record support the family courts order denying
 Wife retroactive alimony.  Accordingly, we affirm the family courts order in
 response to Wifes motion for reconsideration.  
CONCLUSION
We find the
 family court properly considered the alimony factors set forth by statute and
 case law in setting an alimony award and in determining when such payments
 should begin.  Therefore we find the family court did not abuse its discretion
 in denying Wife retroactive alimony to the date of the temporary hearing. 
 Additionally, we believe the family court satisfied Rule 26(a), SCRFC in its
 final decree of divorce, which was part of the record on appeal.  Accordingly,
 the order of the family court is 
AFFIRMED.
ANDERSON, SHORT and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Wife testified she took out a loan from the bank to
 help pay my bills, but indicated the loan had only one year remaining before
 she paid it off.