**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jacqueline Gladden and John Doe, Defendants,

Of whom Jacqueline Gladden is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2016-001488

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

Unpublished Opinion No. 2018-UP-217
Submitted April 23, 2018 – Filed May 22, 2018

**AFFIRMED**

Mark L. Archer, of Archer Law Office, PA, of Mount Pleasant, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Joshua Keith Roten, of Summerville, for the Guardian ad Litem.

**PER CURIAM:**  Jacqueline Gladden (Mother) appeals the family court's order terminating her parental rights to her minor son (Child).  On appeal, Mother argues the family court (1) violated Rule 26(a), SCRFC, by failing to state a factual basis as to why termination of parental rights (TPR) was in Child's best interest; (2) violated Rule 26(a), SCRFC, by failing to state a factual basis showing Mother had sufficient financial resources to provide support for Child; (3) erred in finding clear and convincing evidence supported TPR on the ground of failure to remedy in light of the fact DSS failed to provide Mother with adequate assistance and time in which to complete her placement plan; (4) erred in failing to consider Child's grandparents (grandparents) as an alternate placement for Child; and (5) erred in finding TPR was in Child's best interest.  We affirm.[1]

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2017).  The grounds for TPR must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence showed Child was in foster care fifteen of the most recent twenty-two months.  *See* S.C. Code Ann. § 63-7-2570(8) (providing a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months").  Child entered foster care on November 13, 2013, and remained there continuously for over twenty months before a three-month placement with grandparents starting in August 2015; however, he returned to foster care prior to the TPR hearing on December 22, 2015.  Thus, Child was in foster care for over

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

seventeen of the twenty-two months preceding the TPR hearing.  Moreover, there is no evidence the delay was attributable to any dilatory actions of DSS; the majority of the delay was in furtherance of the concurrent permanent plan of relative placement and TPR and adoption.  *Cf. Charleston Cty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) ("Where there is 'substantial evidence that much of the delay . . . is attributable to the acts of others,' a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." (quoting *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003))).  Accordingly, we find clear and convincing evidence supports this ground.[2]

We also find TPR is in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("In a [TPR] action, the best interest of the child is the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009) ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").  Initially, Mother's assertion the family court violated Rule 26(a), SCRFC, by failing to state a factual basis as to why TPR was in Child's best interest is not preserved because Mother did not raise this issue to the family court.  *See Charleston Cty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 105, 627 S.E.2d 765, 775 (Ct. App. 2006) (providing an issue not raised to and ruled upon by the family court is not preserved for review).  Further, even if the order was in violation of Rule 26(a), this court may make its own findings of fact in accordance with the preponderance of the evidence.  *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) ("[W]hen an [o]rder is issued in violation of Rule 26(a), this [c]ourt may remand the matter to the trial court *or, where the record is sufficient, make its own findings of fact* in accordance with the preponderance of the evidence." (emphasis added)).

On the merits, based on the evidence in the record, it is unlikely Mother will be able to provide a suitable home for Child in the foreseeable future.  This was DSS's fourth interaction with Mother.  DSS founded cases against Mother in (1) 2008 when Child had a "minor skull fracture" at only a few months old and (2) 2012 when Mother left Child, who was four years old, home alone sleeping.  In 2013,

---

[2] Because we find clear and convincing evidence supports this ground, we decline to address Mother's arguments pertaining to the TPR grounds of failure to remedy and willful failure to support.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address additional grounds for TPR when clear and convincing evidence supported TPR on another ground).

DSS referred Mother to Families Strengthening Families for supportive services following an unfounded investigation. Within the same year as the referral, Mother hit Child with a wooden spoon hard enough to cause "extensive bruising on [Child's] inner wrist and inner hand," which resulted in Child's removal into emergency protective custody. Moreover, DSS stated Child was living in "deplorable" conditions at that time. The family court ordered Mother to complete a placement plan in January 2014; however, in August 2014, Mother agreed to allow DSS to forego services and to change the permanent plan from reunification to a concurrent plan of placement with grandparents and TPR and adoption. Although Child was placed with grandparents, grandparents ultimately returned him to foster care before the TPR hearing. Dr. C. Barton Saylor, the psychologist who performed Mother's psychological evaluation, saw "little basis for a more favorable projection of [Mother's] ability to rise to the occasion" to be a better parent to Child, believing Mother had a "fundamental difficulty integrating learning experiences." He believed it would "only be a matter of time before there [was] some other event that [would] trigger [DSS] involvement" if Child were returned to Mother. Additionally, the family court found Mother's behavior at the hearing consistent with the behavior Dr. Saylor described in Mother's psychological examination report. Thus, it appears unlikely Mother can provide a suitable home for Child in the foreseeable future. Further, Child was afraid of being returned to Mother's care, and based on Child's diagnoses and developmental delays, Child needed a structured environment with people who were capable of attending to his various needs. Child is thriving in foster care, and Child's foster parents want to adopt Child. Moreover, Child's guardian ad litem and Tara Cobb, a DSS caseworker, believed TPR and adoption was in Child's best interest. Accordingly, we find TPR is in Child's best interest. *See Janice C.*, 383 S.C. at 230, 678 S.E.2d at 468 ("A primary objective of the TPR statutes is to free children for the stability adoption can provide.").

Finally, as to Mother's issue that the family court erred in failing to consider grandparents as an alternate placement, we find that was not a viable option based on the fact grandparents returned Child to foster care two weeks before the TPR hearing. Additionally, to the extent Mother argues the family court erred in failing to inquire whether grandparents qualified for appointed counsel, we find this issue is not preserved for appellate review as it was not raised to or ruled on by the family court. *See Jackson*, 368 S.C. at 105, 627 S.E.2d at 775 (providing an issue not raised to and ruled upon by the family court is not preserved for review).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**