**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Edward Larsen and Karen K. Larsen, Defendants,

Of whom Karen K. Larsen is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-000133

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

Unpublished Opinion No. 2019-UP-373
Submitted November 8, 2019 – Filed December 3, 2019

**AFFIRMED**

Lyn Howell Hensel, of Law Office of Lyn Howell Hensel, of Columbia, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Angela L. Kohel, of Kohel Law, LLC, of Columbia, for the Guardian ad Litem for the minor children.

---

**PER CURIAM:**  Karen Larsen (Mother) appeals the family court's merits order removing Child 1 and Child 2 (collectively, Children) from her home.  Mother argues the family court erred by (1) not returning Children to her because she was a non-offending parent and did not subject Children to abuse, neglect, or sexual abuse; (2) authorizing the South Carolina Department of Social Services (DSS) to forego reasonable reunification efforts with her when the family court did not find she abused or neglected Children; and (3) not making specific written findings to support its decision to allow DSS to terminate reasonable efforts at reunification. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, this court is not required to "ignore the fact that the [family court], who saw and heard the witnesses, was in a better position . . . to evaluate their credibility" and assign comparative weight to their testimonies.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (quoting *Inabinet v. Inabinet*, 236 S.C. 52, 55-56, 113 S.E.2d 66, 67 (1960)).  "[A]n appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the [family court]."  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

We find the family court did not err in not returning Children to Mother.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) (stating the family court's findings in a removal action must be supported by a preponderance of the evidence); *id.* (stating the family court must determine if the child was "abused or neglected" and "that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed"); S.C. Code Ann. § 63-7-20(6)(a)(i)-(ii) (Supp. 2019) (providing "[c]hild abuse or neglect" or "harm" occurs when a parent "(i) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . [or] (ii) commits or allows to be committed against the child a sexual offense . . . or engages in acts or omissions that present a substantial risk that a sexual offense . . . would be committed against the child").  Here, the family court

found Edward Larsen (Father) sexually abused Child 1 and Child 2 was at a substantial risk of sexual abuse because she lived in the home.  At the merits hearing, Mother still lived with Father.  If Children were returned to Mother's home with Father, Children would have been placed at an unreasonable risk of harm.

We also find the family court did not err in foregoing reunification efforts with Mother.  *See* S.C. Code Ann. § 63-7-1640(C)(1)(a)-(b) (Supp. 2019) (providing the family court can "authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family when the records of a court of competent jurisdiction show or when the family court determines that one or more of the following conditions exist: (1) the parent has subjected the child or another child while residing in the parent's domicile to one or more of the following aggravated circumstances: (a) severe or repeated abuse; [or] (b) severe or repeated neglect"); § 63-7-20(6)(a)(i)-(ii) (providing that "child abuse or neglect" or "harm" occurs when a parent "(i) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . [or] (ii) commits or allows to be committed against the child a sexual offense . . . or engages in acts or omissions that present a substantial risk that a sexual offense . . . would be committed against the child"); S.C. Code Ann. § 63-7-1640(F) (Supp. 2019) ("If the [family] court authorizes [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the [family] court must make specific written findings in support of its conclusion that one or more of the conditions set forth in subsection (C)(1) through (8) are shown to exist, and why continuation of reasonable efforts is not in the best interest of the child.").  We acknowledge the family court did not make specific findings to support its conclusions as required by section 63-7-1640(F).  However, under a de novo review, this court can find facts in accordance with its own view of the preponderance of the evidence.  *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) (stating that when the family court fails to make specific findings of fact, appellate courts "may remand the matter to the [family] court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence").  Here, Mother lived with Father and had consistently denied he sexually abused Child 1.  Mother's denial of the abuse and decision to continue to live with Father constituted acts or omissions that present a substantial risk a sexual offense would be committed against Children.  Further, given the nature of the abuse, we find Mother's actions constituted severe harm.

Additionally, we find reunification efforts with Mother were not in Children's best interests.  *See* § 63-7-1640(F) ("In determining whether to authorize [DSS] to

terminate or forego reasonable efforts to preserve or reunify a family, the [family] court must consider whether initiation or continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child."). Here, Child 1 testified Father sexually abused her, she did not feel safe or loved in the home, and she would run away if she were returned to Mother and Father. Child 2 testified she did not feel safe in the home, she did not always feel loved and important, and she did not want to live with Mother and Father. Additionally, Child 1; Jessica Koumas, Children's foster care worker; Anna Jones, a supervising caseworker; and the Guardian ad Litem (the GAL) testified visits between Children, Mother, and Father were not positive. Children ultimately refused to visit with Mother and Father. The GAL and Tequila Hunter, a DSS caseworker, believed Children should not be returned to Mother and Father. Based on the foregoing, we find reunification efforts with Mother were not in Children's best interests.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.