**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Edward Larsen and Karen K. Larsen, Defendants,

Of whom Edward Larsen is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-000033

———————

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-372
Submitted November 8, 2019 – Filed December 3, 2019

———————

**AFFIRMED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Angela L. Kohel, of Kohel Law, LLC, of Columbia, for
the Guardian ad Litem for the minor children.

––––––––––––

**PER CURIAM:** Edward Larsen (Father) appeals the family court's merits order removing Child 1 and Child 2 (collectively, Children) from his home. On appeal, Father argues the family court erred by (1) making findings of sexual abuse and substantial risk of sexual abuse against him and (2) not making specific written findings to support its decision to allow the South Carolina Department of Social Services (DSS) to terminate reasonable efforts at reunification. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, this court is not required to "ignore the fact that the [family court], who saw and heard the witnesses, was in a better position . . . to evaluate their credibility" and assign comparative weight to their testimonies. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (quoting *Inabinet v. Inabinet*, 236 S.C. 52, 55-56, 113 S.E.2d 66, 67 (1960)). "[A]n appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the [family court]." *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

We find the family court did not err in making findings of sexual abuse and substantial risk of sexual abuse by the preponderance of the evidence against Father. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (stating the family court's findings in a removal action must be supported by a preponderance of the evidence); *id.* (stating the family court must determine if the child was "abused or neglected" and "that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed"); S.C. Code Ann. § 63-7-20(6)(a)(i)-(ii) (Supp. 2019) (providing "[c]hild abuse or neglect" or "harm" occurs when a parent "(i) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . [or] (ii) commits or allows to be committed against the child a sexual offense . . . or engages in acts or omissions that present a substantial risk that a sexual offense . . . would be committed against the child"). Here, Child 1 testified Father sexually abused her over the course of three years. At the end of the hearing, the family court found Child 1's testimony credible. Because the family court was in a better position to evaluate the witnesses' credibility and was able to assign the appropriate weight to their

testimonies, this court defers to the family court's evaluation. *See Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (stating this court is not required to "ignore the fact that the [family court], who saw and heard the witnesses, was in a better position . . . to evaluate their credibility" and assign comparative weight to their testimonies (quoting *Inabinet*, 236 S.C. at 55-56, 113 S.E.2d at 67)). Because the family court did not err in finding Father sexually abused Child 1, the court did not err in ordering Father be placed on the Central Registry of Child Abuse and Neglect. *See* S.C. Code Ann. § 63-7-1940(A)(1)(b) (Supp. 2019) (providing the family court "shall order . . . that a person's name be entered in the Central Registry of Child Abuse and Neglect if the court finds that there is a preponderance of evidence that the person . . . sexually abused the child").

We also find the family court did not err in foregoing reunification efforts with Father. *See* S.C. Code Ann. § 63-7-1640(C)(1)(c) (Supp. 2019) ("The family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family when the records of a court of competent jurisdiction show or when the family court determines that one or more of the following conditions exist: (1) the parent has subjected the child or another child while residing in the parent's domicile to one or more of the following aggravated circumstances: . . . sexual abuse . . . ."); S.C. Code Ann. § 63-7-1640(F) (Supp. 2019) ("If the [family] court authorizes [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the [family] court must make specific written findings in support of its conclusion that one or more of the conditions set forth in subsection (C)(1) through (8) are shown to exist, and why continuation of reasonable efforts is not in the best interest of the child."). Under our de novo review, and as noted above, we determine the record shows Father sexually abused Child 1 and therefore, Child 2 was at a substantial risk of sexual abuse because she also lived in the home. *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) (stating that when the family court fails to make specific findings of fact, appellate courts "may remand the matter to the [family] court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence"). Thus, the family court properly authorized DSS to forego reasonable reunification efforts.

Furthermore, we find reunification efforts with Father were not in Children's best interests. *See* § 63-7-1640(F) ("In determining whether to authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the [family] court must consider whether initiation or continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child."). Here, Child 1 testified Father sexually abused her, she did not feel safe or loved in the home, and

she would run away if she were returned to Father and Karen Larsen (Mother). Child 2 testified she did not feel safe in the home, she did not always feel loved and important, and she did not want to live with Father and Mother. Additionally, Child 1; Jessica Koumas, Children's foster care worker; Anna Jones, a supervising caseworker; and the Guardian ad Litem (the GAL) testified visits between Children, Father, and Mother were not positive. Children ultimately refused to visit with Father and Mother. The GAL and Tequila Hunter, a DSS caseworker, testified Children should not be returned to Father. Based on the foregoing, we find reunification efforts with Father were not in Children's best interests.

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.