19822

Ex parte David L. HILL, Appellant, v. Nancy H. EDWARDS, Respondent. In re Nancy H. HILL v. David L. HILL

(205 S. E. (2d) 139)

*Messrs. Kirkland, Aaron & Alley,* of Columbia, *for Appellant,*

Respondent not represented.

May 9, 1974.

Moss, Chief Justice:

David L. Hill, the appellant herein, and Nancy H. Edwards, the respondent herein, were formerly husband and wife. Twin daughters, now approximately eleven years of age, were born of this marriage. On February 11, 1968, the respondent was granted an absolute divorce from the appellant on the ground of desertion. Section 20-101(2) of the Code. The divorce decree gave the respondent the custody and control of the two children and directed the appellant to pay $100.00 per month for their support and to pay their medical and dental expenses until they reached the age of twenty-one or became emancipated. The appellant was given reasonable visitation rights with his daughters.

. The respondent remarried in August of 1968, and thereafter left South Carolina and moved to the State of Hawaii where she and the children resided with her new husband who was in the United States Navy. Thereafter, they moved to the State of Washington where they were living at the time of the commencement of this proceeding.

The appellant instituted this proceeding to have the court establish specific times for visitation with his minor children, contending that the great distance between the residence of the children and his own prevented him from exercising his visitation rights. He also asked that the respondent be required to furnish appropriate statements of dental expenses for the minor children. .

· The respondent filed a verified answer in which she alleged that the appellant was in arrears on the child support payments and prayed that he be ordered to pay all the arrearage therefor and the accrued medical and dental bills before visitation privileges be granted. In the alternative, the respondent asked that the appellant be denied visitation privileges and be relieved of any further obligations to pay child support and other expenses.

An evidentiary hearing was held before the Honorable Harry M. Lightsey, Sr., Special Judge, for the Richland County Court. Thereafter, he issued his order in which he granted the appellant the privilege of visiting his children at the place where they may be residing at the time, for a period of fourteen days during the summer months at a time or times as may be agreeable between the parties but with the condition that the appellant not remove the children from the state in which they reside unless agreeable with the respondent. He further held that due to their tender· years and the dangers involved, the children should not be placed on an airplane alone for the purpose of visiting the appellant, and that the request for the custody of the children for a full school year be denied. The trial judge further ordered the appellant to continue the monthly payments

as originally ordered and, in addition thereto, pay the sum of $50.00 per month for dental services for one daughter and any future dental bills for the other daughter. It was further directed that he pay a reasonable amount in order to make up any arrearage for child support. It is from this decree that the appellant prosecutes this appeal.

The appellant asserts that the trial judge was in error in failing to grant him specific visitation rights in refusing his right to have his children visit with him at his place of residence.

The question of determining and limiting visitation rights is one addressed to the broad discretion of the trial judge and in the absence of a clear abuse of such, the order granting, denying or limiting visitation rights will not be disturbed. *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704, and *McGregor v. McGregor,* 255 S. C. 179, 177 S. E. (2d) 599.

We find no abuse of discretion in the order fixing the visitation rights of the appellant with his daughters. In the event the respondent should refuse to permit the appellant to exercise the visitation privilege granted, the right is reserved to the appellant to petition the court for appropriate relief.

The appellant asserts error on the part of the trial judge in finding that he was in arrears in child support and requiring him to pay such when there was an agreement between the parties excusing him from such payments.

There can be no question but that the appellant was in arrears in making the child support payments provided for in the original divorce decree. It is a disputed question of fact as to whether the appellant and the respondent entered into an agreement whereby he was relieved from making such payments. It is implicit in the finding made by the trial judge that no such agreement existed, because he directed

the appellant to make reasonable payments toward the arrearage in the child support payments.

We find that the exceptions of the appellant are without merit and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.