21134

Genevieve WILSON, Appellant, v. William WILSON, Respondent.
(Two cases).
(262 S. E. (2d) 732)

*Michael A. MacKinnon,* Greenville, *for appellant.*

*George H. Thomason,* of *Thomason & French,* Spartanburg, *for respondent.*

January 28, 1980.

RHODES, Justice:

This case involves two consolidated appeals from family court orders granting appellant Genevieve Wilson a decree of separate maintenance and alimony from respondent Wil-

liam Wilson, but denying her prayer for a divorce *a vinculo matrimonii* on the ground of physical cruelty. The family court also made a final determination on the marital property rights and obligations of the parties. We reverse and remand that portion of the family court order holding that a divorce *a vinculo matrimonii* is barred by reason of condonation. The remainder of the two family court orders is affirmed.

The parties were married in 1951 and resided as husband and wife in Spartanburg for the majority of their marriage, rearing three children, all of whom are now adults. They began to experience marital difficulties some time prior to October 1974. Between October 1974 and January 1978 several altercations took place between the two which resulted in physical injury to appellant. Although the family court found that this repeated history of violence constituted physical cruelty on the part of the respondent, it concluded as a matter of law that such acts had been condoned by appellant since she had continued to live in the same house with respondent for more than three months after the last altercation.

Appellant contends that the family court erred in finding that she had condoned the physical cruelty of respondent and in disallowing her testimony concerning sexual access during that period following the last act of physical cruelty when the parties continued to live in the same house. Condonation has been defined as forgiveness, either express or implied, of an antecedent matrimonial offense by one spouse for a breach of marital duty by the other on condition that it shall not be repeated, and that the offender shall thereafter treat the forgiving party with conjugal kindness. It is primarily a state of mind, the existence of which may appear either from the language used, from conduct, or both. *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537 (1964). The presence or lack of sexual access is a pertinent factor in determining that requisite state of mind necessary for the existence of condonation.

■ During the divorce proceedings, the following appears in the transcript on redirect examination of appellant:

Q. After the incident of January 16th [the last date of physical cruelty], did you and—did you stay in the same room as your husband?

A. No.

Mr. Thomason: Object. I object to the question.

The Court: State your grounds.

Mr. Thomason: The specific grounds is that the witness in a domestic case is not entitled to go into the matter of access, sexual access, between a husband and wife. Secondly, it's your improper redirect.

Mr. MacKinnon: No, he was—Your Honor—

The Court: Number one, I don't—am I to understand that there's no question but that by some arrangement, the two parties lived in the same home from January—

Mr. MacKinnon: Right.

The Court: —to some time in April, I believe.

Mr. Thomason: April 21st.

The Court: All right. We're not going into the bedroom situation. Now, what was the other point?

Mr. Thomason: You've satisfied my objection.

The Court: Unless you have an eyewitness, or something, who stayed there every night, other than the two parties. That rule does have some flexibility on it.

Mr. Thomason: Yes, sir, I understand.

The Court: But we won't get into the two parties' testimony on that question. Where spouses occupy the same living quarters for a period of time after the last act of physical cruelty relied upon by the wife for divorce, there is a presumption that they engaged in marital relations. *McLaughlin v. McLaughlin, supra.* This presumption may be rebutted, however, by evidence of accompanying circum-

stances, although the burden of rebuttal is on the plaintiff. *Id.* Appellant attempted to meet this burden by introducing her testimony concerning sexual access.

The family court in disallowing the testimony on sexual access apparently relied upon the principle enunciated in *Buero v. Buero,* 246 S. C. 355, 143 S. E. (2d) 719 (1965) that the unsupported testimony of one of the parties as to nonaccess is sufficient to overcome the presumption of marital cohabitation. This principle does not hold, however, that a party is incompetent to testify to nonaccess[1] and to so conclude constituted error on the part of the family court.

We have considered the remaining contentions raised by appellant and conclude that no error of law was committed and that they are without precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this court.

That portion of the order of the family court relating to condonation is reversed for the reasons aforesaid, and the case is remanded for a hearing limited to the issue of condonation. Based upon the conclusion reached at such hearing, the family court shall grant a decree of separate maintenance or divorce *a vinculo matrimonii.* If it develops that a divorce *a vinculo matrimonii* is granted, the court may consider additional testimony with respect to alimony and property settlement, amending such prior holdings if it deems necessary. Alimony payments shall continue during the pendency of this action.

In all other respects the orders of the family court are affirmed, subject to the above provisions.

Affirmed in part;

Reversed in part and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

---

[1] It is to be noted that one of the parties' daughters offered testimony on the issue of nonaccess, which was supportive of appellant's proffered testimony.