0212

Teresa HORTON, Respondent, v. James HORTON, Jr., Appellant.

(317 S. E. (2d) 778)

Court of Appeals

*Adam Fisher, Jr.*, of Greenville, *for appellant.*

*W. Harold Christian, Jr.*, of Greenville, *for respondent.*

Heard June 1, 1984.

Decided June 25, 1984.

GARDNER, Judge:

Respondent Teresa Horton (the wife) sued appellant James Horton, Jr. (the husband) for divorce on the ground of adultery; the husband counterclaimed for divorce on the ground of adultery. The trial judge's order granted a divorce to the wife and awarded the wife as equitable distribution a 35 percent interest in the marital home. We affirm.

The issues presented on appeal are whether (1) the trial judge erred in not finding the wife had condoned the husband's adultery, (2) the trial judge erred in refusing the husband's motion for a continuance, (3) the trial judge erred in granting the wife as equitable distribution a 35 percent interest in the marital home.

I.

Condonation is a state of mind. It is forgiveness, either express or implied, of an antecedent matrimonial offense by one spouse of a breach of a marital duty by the other, but the condonation is conditioned upon the understanding that the offense will not be repeated and that the offender shall thereafter treat the forgiving party with conjugal kindness. *Wilson v. Wilson*, 274, S. C. 236, 262 S. E. (2d) 732 (1980). The learned and esteemed trial judge had an opportunity to observe the parties and the witnesses in this case . . . a privilege that this court does not enjoy. We hold that the record supports the conclusion of the trial judge that the wife did not condone the adultery of the husband. The record supports the finding of fact that condonation was not the state of mind of the wife in this case.

Additionally, the record supports the trial judge's finding that even if the wife had condoned the adultery of the husband in this case, the condonation was nullified by the husband's subsequent acts of adultery. *Murray v. Murray*, 271 S. C. 62, 244 S. E. (2d) 538 (1978).

## II.

There was a preliminary hearing in this case in which, it is alleged, a witness named Brooks testified that he had an affair with the wife. The husband had not requested that the testimony at the preliminary hearing be transcribed. At the final hearing, the husband attempted to cross-examine the wife about the testimony of Brooks at the preliminary hearing; this cross-examination was properly denied by the trial judge. The husband then moved for a continuance, which the trial judge denied. Continuance is a matter of discretion on the part of the trial judge. *Duke v. Westvaco Development Corp.,* 279 S. C. 464, 309 S. E. (2d) 293 (S. C. App. 1983). The record before us discloses no abuse of discretion by the trial judge. The husband then moved to be permitted to have Brooks' testimony at the preliminary hearing transcribed and forwarded to the court for its consideration. The trial court refused this motion. We hold that it was a matter of discretion for the trial judge and he did not abuse his discretion in his denial of the motion.

## III.

The husband contends that the wife should not have been awarded as equitable distribution a 35 percent interest in the marital home, which was owned by the parties as equal cotenants prior to the divorce action. We hold that the trial court committed no error in this equitable distribution award. For nine years, the wife was a homemaker. Where one spouse has foregone career opportunities at the behest of a primary wage-earning spouse and throughout a long marriage has remained in the home to rear children and provide a suitable environment for the family, the homemaker spouse shall have upon divorce an equitable interest in the real property acquired by the wage earner spouse during the marriage. *Parrott v. Parrott,* 278 S. C. 60, 292 S. E. (2d) 182 (1982).

For the reasons stated, the judgment below is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.