1099

Gary L. THORNTON, Respondent, v Linda G. THORNTON, Appellant.
(366 S. E. (2d) 37)

Court of Appeals

*James H. Abrams, Jr.,* and *H. C. Prettyman* of *Prettyman & Abrams,* Summerville, *for appellant.*

*Frances Claire Matthews,* Sumter, *for respondent.*

Submitted Jan. 26, 1988.

Decided Feb. 29, 1988.

CURETON, Judge:

This is a domestic case. The issues on appeal concern the trial court's rulings on contribution to a child's dental expenses, increase in child support, visitation expenses, and attorney fees. We affirm.

Gary and Linda Thornton were married in 1967 and are the parents of two children. They were divorced in 1984. At that time, the court incorporated an agreement regarding custody of the children and child support into its decree. The son resided with Mr. Thornton and the daughter resided with Mrs. Thornton. Mr. Thornton paid three hundred dollars per month in support for the daughter, but Mrs. Thornton paid no child support for the son.

Mr. Thornton retired from the Air Force in 1986. He desired to move to Mississippi and this change led to the current action. Mr. Thornton filed suit to amend the original custody agreement so that he might move to Mississippi with his son. He sought a reduction in support for his daughter or an order that Mrs. Thornton contribute support for the son. He also sought contribution from Mrs. Thornton for orthodontic care for their son. Mrs. Thornton counterclaimed for custody of the son and an increase in child support. The parties reached an agreement as to custody of

the children and periods of visitation. The children were to remain with their respective custodial parent.

The trial judge refused to increase the three hundred dollar per month child support being paid by Mr. Thornton. The court ordered Mrs. Thornton to contribute forty-five percent of the cost of the son's orthodontic care. The court also ordered the parties to split the cost of visitation expenses. Mr. Thornton was ordered to pay fifty-five percent and Mrs. Thornton to pay forty-five percent. The court refused to award Mrs. Thornton attorney fees. Mrs. Thornton appeals all of these rulings.

As to the orthodontic care, both parties agree it is necessary treatment for their son. Up to the time of the hearing, Mr. Thornton had paid all bills and was paying monthly on the remainder of the charge for braces. The parties entered into an agreement in 1983 before their divorce which provided that any medical expenses for the children not covered by the military or Champus would be equally divided between them. This agreement was incorporated into their 1984 divorce decree. The trial court found the 1983 agreement did not specifically contemplate the parties equally dividing dental/orthodontic expenses. However, the court found Mrs. Thornton was gainfully employed and able to contribute to her son's orthodontic expenses. We agree. It is axiomatic that both parents have an obligation to support their child. *Bradley v. Bradley*, 285 S. C. 170, 328 S. E. (2d) 647 (Ct. App. 1985). Here when both parents readily agree the dental treatment is necessary, we find no abuse of discretion. The trial court reviewed the financial ability of both parents and made a determination as to each parent's respective contribution toward orthodontic care. This ruling is buttressed by the parties' agreement to divide medical expenses.

Mrs. Thornton asserts the trial court erred in not increasing the support she received for the daughter. At the time of the hearing the child was eleven years old. The record reflects the daughter suffers from a medical problem which makes her susceptible to seizures. She has taken medication since 1983 for this condition. She has problems in school. Mrs. Thornton testified she utilized tutors for her daughter at a cost of twenty dollars per week. The child's medical

condition was known to the parents when they divorced in 1984.

The trial court did not find an increase in child support was warranted. The question of child support is a matter largely within the discretion of the trial judge. He has authority to modify the amount of support upon a showing of a substantial or material change of circumstances. The decision of the trial judge will not be disturbed on appeal unless abuse of discretion is demonstrated. *Garris v. McDuffie*, 288 S. C. 637, 344 S. E. (2d) 186 (Ct. App. 1986).

Although there was some general testimony as to the needs of the daughter, no evidence was presented as to increased cost. Neither the testimony nor the financial declaration of the mother specifies amounts for medical bills or medication for the child. There was some testimony regarding camp for the child, but no testimony as to the amount needed to sent the child to camp. The only concrete testimony relates to the tutors. Mrs. Thornton's income has significantly increased since 1984. The income of Mr. Thornton has decreased somewhat due to his retirement from the military. He has the obligation of support for the son in his custody. Under our review of the record, we find no abuse of discretion by the trial court in denying an increase in child. support for the daughter. *Garris v. Cook*, 278 S. C. 622, 300 S. E. (2d) 483 (1983) (failure to prove change of circumstances supports denial of request for increased support).

Mrs. Thornton also excepts to the court's requirement that she contribute forty-five percent of the cost of visitation expenses. The 1984 divorce decree provided Mr. Thornton would have custody of the son but if he moved or retired from the military, custody would return to Mrs. Thornton. As previously indicated, Mr. Thornton sought in this action to modify the custody provision since he was retiring from the Air Force and moving to Mississippi. The record indicates the parties resolved the custody dispute and agreed upon liberal visitation including a provision for one month summer visitation with the noncustodial parent as well as holiday visits. Given the trial court's findings concerning the benefits to be derived from the visitation and the respective income of both parents, we do not find an

abuse of discretion by the trial court in providing for the division of visitation expenses.

Mrs. Thornton also asserts the trial court committed ▌ error in not awarding her attorney fees and costs. She argues she is entitled to attorney fees both as to the hearing on the merits and with respect to a discovery hearing. The record contains a consent order relating to discovery. It provides for mutual discovery through interrogatories, requests for production, and depositions with each party bearing his or her own costs. The order says nothing about the scope of the discovery. Mrs. Thornton served interrogatories and requests for production. Mr. Thornton did not respond to the interrogatories. Consequently, Mrs. Thornton filed a motion to compel under S. C. Rules of Civil Procedure 37.[1] The order of the family court required Mr. Thornton to answer the interrogatories within twenty days. The order was silent as to attorney fees. Under S. C. Rule of Civil Procedure 37(a)(4), the court shall require the payment of reasonable expenses incurred in obtaining the order compelling discovery, including attorney's fees, "unless the court finds that the opposition to the motion was substantially justified or that other circumstances made an award of expenses unjust." The transcript contains no record of the hearing on the discovery motion. Since the order is silent, we have no way of knowing whether attorney fees was considered. We therefore remand this matter to the family court for a determination of whether to award attorney fees under Rule 37(a)(4).

---

[1] The parties assume the rules of Civil Procedure adopted July 1, 1985 apply to this matter. S. C. Rule of Civil Procedure 81 provides the new rules shall apply to family courts insofar as practicable to the extent the new rules are not inconsistent with the statutes and rules governing the family court. Under the Family Court Rules of Practice, former Circuit Court Rule 90 relating to interrogatories was not applicable to family court. No amendment to the family court rules has been adopted which relates specifically to the new rules of civil procedure. By our decision in this case, we do not imply that all of the new rules of civil procedure relating to discovery are applicable in family court. The only issue presented by exception in this appeal was the question of the award of attorney fees under S. C. Rule of Civil Procedure 37(a)(4) and not the general applicability of the new rules to family court.

Regarding the hearing on the merits, counsel for Mrs. Thornton provided an affidavit in support of the request for attorney fees. The court reviewed the affidavit, but did not award fees to Mrs. Thornton. The court specifically found there were no unique issues involved in the case. The court also considered the fact the parties reached an agreement on custody and visitation and Mrs. Thornton did not prevail on her request for increased alimony and child support. An award of attorney fees is generally within the sound discretion of the trial court. *Woodward v. Woodward*, 294 S. C. 210, 363 S. E. (2d) 413 (Ct. App. 1987). The factors to be considered by the trial court are set forth in *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984). We find no abuse of discretion in the court's failure to award attorney fees to Mrs. Thornton.

Affirmed in part and remanded in part.

SHAW and GOOLSBY, JJ., concur.

