### 23076

Maria MILLER, Appellant v. Christopher MILLER, Respondent.
(384 S. E. (2d) 715)

Supreme Court

*Robert T. Williams* of *Williams & Brink*, Lexington, *for appellant.*

*Jean P. Derrick* of *Rogers, Duncan, Fullwood & Derrick*, Lexington, *for respondent.*

Heard March 20, 1989.

Decided Sept. 5, 1989.

TOAL, Justice:

Mrs. Miller appeals a family court decree which terminated alimony, modified child support and visitation, and required Mrs. Miller to assist in transporting the children for visitation. We affirm in part and reverse in part.

The Millers were divorced in Virginia in 1985. The Virginia court awarded custody of the couple's two young children to Mrs. Miller, and required Mr. Miller to provide support for the children in the amount of $300.00 per month per child and alimony to Mrs. Miller in the amount of $300.00 per month. Mr. Miller had been employed earning $50,000 per year until approximately one month before the final hearing in Virginia, at which time he was earning approximately $1,600 per month, or $19,200 per year.

The Virginia court had before it both the financial information concerning Mr. Miller's prior higher paying job and the financial information concerning his more recently acquired job, in determining the amount of child support Mr. Miller was required to pay.

Mr. Miller moved to South Carolina following the parties' divorce. Mr. Miller failed to return the children following his 1987 summer visitation. Mrs. Miller petitioned the South Carolina Family Court for their return, and Mr. Miller answered requesting a reduction in child support and other relief. The Family Court ordered the children returned to Mrs. Miller by Order dated September 4, 1987. The remaining issues were heard February 3, 1988, and decided by Order dated February 19, 1988. It is the February Order which is the subject of this appeal. Mr. Miller has continued to be unable to obtain employment compensating him at levels commensurate with his earlier employment. The financial declarations submitted below showed Mr. Miller's income was still approximately $1,600 per month, but his

monthly expenses had been significantly reduced since the Virginia decree. Despite his improved financial situation, Mr. Miller had fallen behind in his support obligations.

Mrs. Miller went to live with her parents in Pennsylvania following the divorce. The financial declarations submitted below showed Mrs. Miller's monthly income had improved slightly and her expenses had remained fairly stable since the original award.

The Family Court judge relieved Mr. Miller of the obligation to pay alimony, reduced Mr. Miller's child support obligation from $600 per month to $358 per month, and required Mrs. Miller to come to South Carolina, or make arrangements, to transport the children home following their summer visitation with Mr. Miller. Mrs. Miller appeals only the issues of the reduced child support, and the requirement that she provide transportation to the children following the summer visitation; she agreed below to a termination of alimony.

A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances. *Thornton v. Thornton*, 294 S. C. 512, 366 S. E. (2d) 37 (Ct. App. 1988); *Calvert v. Calvert*, 287 S. C. 130, 336 S. E. (2d) 884 (Ct. App. 1985); S. C. Code Ann. § 20-3-160. The burden is upon the party seeking the change to prove the changes in circumstances warranting a modification. See, *Garris v. Cook*, 278 S. C. 622, 300 S. E. (2d) 483 (1983) (failure to prove changed circumstances supports the denial of request for increased support).

A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons. *Smith v. Smith*, 275 S. C. 494, 272 S. E. (2d) 797 (1980). Generally, however, changes in circumstances within the contemplation of the parties at the time the initial decree was entered do not provide a basis for modifying a child support award. *Calvert v. Calvert*, 287 S. C. 130, 336 S. E. (2d) 884 (Ct. App. 1985); *Nelson v. Merritt*, 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984).

A downward modification in child support based upon a decrease in the noncustodial parent's income is not warranted absent a strong showing by the party seek-

ing the change that he is no longer in a condition to make the support payments prescribed by an earlier Family Court order. *Calvert v. Calvert,* 287 S. C. 130, 336 S. E. (2d) 884 (Ct. App. 1985).

In appeals from the Family Court, this Court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. *Clinkscales v. Clinkscales,* 275 S. C. 308, 270 S. E. (2d) 715 (1980).

The Family Court found there had been a substantial and material change in circumstances in that Mr. Miller's income dramatically decreased, while Mrs. Miller's income had increased and her expenses had decreased. The finding with respect to the decrease in Mr. Miller's income can be supported only if this Court presumes the Virginia court based its decision solely on the information regarding Mr. Miller's higher paying position and did not consider information regarding the lower paying employment. Clearly, the Virginia court had financial declarations before it which correctly showed Mr. Miller's financial situation at that time. This Court will not base a finding of changed circumstances upon the supposition the Virginia court did not consider all the information before it in reaching its decision, nor can this Court conclude Mr. Miller's worsened financial condition was not within the contemplation of the parties at the time of the Virginia decree.

The very modest improvements attained by both parties since the Virginia award do not constitute a substantial or material change in circumstances justifying a modification in the child support award. Mr. Miller's financial declaration does not show he is incapable of paying the support ordered previously. In fact, in view of the $300 per month reduction in alimony, he is better able to make these payments. As there was no substantial or material change in circumstances, the family court judge erred in modifying the prior child support award.

Even if we had found a material and substantial change in circumstances justifying a modification in the child support award, the family court judge abused his discretion in the manner in which he modified the award.

Once a substantial and material change in circumstances is found, the court must review the facts and circumstances in order to determine an appropriate amount of child support. In modifying child support, the court should be guided by the same principles which guide the court in making its initial award. The factors to be considered by the court in establishing the amount of child support obligations are both parents' income, ability to pay, education, expenses, and assets and the facts and circumstances surrounding each case. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984). The court is to award support in an amount sufficient to provide for the needs of the children and to maintain the children at the standard of living they would have been provided but for the divorce. The award should be an amount the parent can pay and still meet his or her own needs. *Smith v. Delaney*, 286 S. C. 583, 334 S. E. (2d) 821 (Ct. App. 1985).

The Family Court judge did not address any of these factors beyond the income and expenses of the parents. Instead, the family court judge, by his own admission, relied entirely upon the South Carolina Child Support Guidelines (hereinafter "Guidelines").

Some history regarding these Guidelines and their current status may be helpful to the bench and bar. In 1984, the United States Congress enacted 42 U. S. C. A. § 667(a) which required each state to develop specific guidelines for the amounts of child support to be set by state court support orders. The state guidelines developed pursuant to 42 U. S. C. A. § 667(a) were to be made available to judges charged with determining the amount of child support awards but were not made binding upon such judges. 42 U. S. C. A. § 667(b).

In this state, child support guidelines were developed by the South Carolina Child Support Guidelines Subcommittee of the Department of Social Services Child Support Advisory Committee pursuant to S. C. Code Ann. § 43-5-220 (Law Co-op. 1985) based upon a model called the Income Shares Model, developed by the Child Support Guidelines Project of the National Center for State Courts. The Department of Social Services (DSS) adopted the Guidelines effective October 1987. Since the federal legislation of 1984 did

not mandate states to use their guidelines, the Guidelines were not promulgated by DSS as official regulations under the State Register and Administrative Procedures Act. The Guidelines have been widely circulated to the bench and bar of this state and are voluntarily used by judges and lawyers. Although the Guidelines' introduction states that they are "available to be employed as a rebuttable presumption for the establishment of child support," [Guidelines, p. 2], neither the federal nor state statutes give these Guidelines the status of a "rebuttable presumption." In fact, S. C. Code Ann. § 43-5-220, which directs DSS to establish the Guidelines, does so only in the context of aid to dependent children.

In 1988, the United States Congress enacted legislation which mandated the states to formally enact child support guidelines. 42 U. S. C. A. § 667 as amended by Pub. L. 100-485, Title I, § 103(a), (b), (f), effective October 13, 1989. Pursuant to this legislation, the South Carolina General Assembly has recently adopted legislation, Act No. 195, 1989 S. C. Acts, which amends S. C. Code Ann. Title 20, Chapter 7, adding § 20-7-852, effective January 31, 1990, which states:

(A) In any proceeding in which child support is in issue, the amount of the award which would result from the application of those guidelines required under Section 43-5-580(b) is the amount of the child support to be awarded. However, a different amount may be awarded upon a showing that application of the guidelines in a particular case would be unjust or inappropriate. When the court orders a child support award that varies significantly from the amount resulting from the application of the guidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting that award.

(B) Application of these guidelines to an existing child support order, in and of itself, is not considered a change in circumstances for the modification of that existing order.

(C) Pursuant to Section 43-5-580(b), the department shall promulgate regulations which include addressing child support guidelines. The department shall review

these regulations at least once every four years to insure that their application results in appropriate child support award amounts.

While this legislation becomes effective January 31, 1990, it will not be fully effective until DSS promulgates enabling regulations through the State Register pursuant to the new § 20-7-852(c).

At the present time, it is not inappropriate for family courts to use the Guidelines as an aid in determining the proper level of child support to be awarded in domestic actions. Although the Guidelines are not properly promulgated ones, their wide circulation to the bench, bar and public, as noted above, permits the family courts to take judicial notice of them. *Moss v. Aetna Life Ins. Co.*, 267 S. C. 370, 228 S. E. (2d) 108 (1976); *Masters v. Rodgers Development Group*, 283 S. C. 251, 321 S. E. (2d) 194 (Ct. App. 1984).

In instances where the Guidelines are utilized, they must be used properly. The family court judge below did not use the Guidelines properly. The family court judge erred in failing to include the monthly work-related child care costs, less federal income tax credits attributable to this amount in calculating Mr. Miller's support obligation. The Guidelines are quite clear that day care expenses are to be added to the basic obligation [Guidelines, p. 7]. The trial court properly calculated the basic obligation but did not add to it the child care expenses from the tables attached to the Guidelines. Interestingly, when the child support obligation is calculated properly under the Guidelines, using Mr. Miller's present income, Mr. Miller's obligation is very nearly the $600 per month he was originally ordered to pay by the Virginia Court.

A family court judge's rulings with respect to visitation will not be disturbed absent an abuse of discretion. *Hill v. Edwards*, 262 S. C. 409, 205 S. E. (2d) 139 (1974). Requiring the mother to travel to South Carolina or make arrangements to transport the children following their summer visitation is not an abuse of discretion under the circumstances.

For the reasons stated, we affirm the judgment of the family court as to the requirement that Mrs. Miller aid in transporting the children from summer visitation. We re-

verse the judgment as to the modification of child support. The effect of our finding that the prior support order should not have been modified is to reinstate the prior order from the date the Family Court modified it. Mr. Miller is responsible to bring up-to-date any past due amounts.

Affirmed in part; reversed in part.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.