THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Linda Lee
 Henderson Powell, Petitioner,
 v.
 James Kevin
 Powell, Respondent.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF
 APPEALS

Appeal From McCormick County
 C. David Sawyer, Jr., Family Court Judge
Memorandum Opinion No. 2008-MO-038
Heard June 11, 2008  Filed September 8,
 2008 
REVERSED

 
 
 
 Timothy
 E. Madden and Reid T. Sherard, both of Nelson Mullins Riley & Scarborough, of
 Greenville, for Petitioner.
 Thomas
 M. Neal, III, of Columbia, for Respondent.
 
 
 

PER CURIAM:  We granted a writ of certiorari to review
 the Court of Appeals opinion in Powell v. Powell, Op. No 2005-UP-595,
 S.C. Ct. App. filed Nov. 21 2005).   We reverse.  
FACTS
This is a divorce
 action in which Wife filed a complaint seeking a divorce on grounds of
 adultery.  After a three day trial, the family court granted Wife a divorce
 based on Husbands adultery.  The family court awarded Wife $4,000 per month in
 alimony and apportioned the marital property, sixty-eight percent to Wife and
 thirty-two percent to Husband.  Additionally, the family court ordered Husband
 to maintain Wifes medical insurance, maintain a life insurance policy naming
 Wife as an irrevocable beneficiary to secure his alimony obligation, pay Wife
 $30,000 in attorneys fees, and pay $9,000 for Wifes expert witness.    
The Court of
 Appeals affirmed in part, and reversed in part.  Taking its own view of the
 preponderance of the evidence, the Court of Appeals found the family court
 erred in granting Wife a divorce on the ground of Husbands adultery.  It held
 Husband had not condoned Wifes adultery, and found Husband had established the
 defense of recrimination to Wifes request for a divorce based on adultery.  The
 Court of Appeals modified the decree to grant the parties divorce on the
 ground of one years continuous separation.  
Since it found Wife
 had not proved Husband condoned her adultery, the Court of Appeals held she was
 barred from receiving alimony.  Accordingly, the family courts award of
 alimony, its order requiring Husband to maintain Wifes health insurance
 coverage, and its order requiring Husband to maintain life insurance to secure
 the alimony, were reversed.  The award of attorneys fees and costs to Wife was
 remanded to the family court.  We granted certiorari.
ISSUE[1]
Did the Court of Appeals err in reversing the family
 courts holding that Husband condoned Wifes adultery?

DISCUSSION
Wife
 contends the Court of Appeals erred in reversing the family courts holding
 that Husband had condoned her adultery, claiming it failed to give the family
 courts finding due deference, particularly with reference to matters of
 credibility.   We agree.
In appeals from the
 family court, the appellate court has the authority to correct errors of law
 and to find facts in accordance with its own view of the preponderance of the
 evidence.  Wooten v. Wooten, 364 S.C. 532, 540, 615 S.E.2d 98, 102
 (2005); Miller v. Miller, 299 S.C. 307, 311, 384 S.E.2d 715, 717
 (1989).  However, this broad scope of review does not require this court to
 disregard the family courts findings.  Appellate courts should be mindful that
 the family court, who saw and heard the witnesses, sits in a better position to
 evaluate credibility and assign comparative weight to the testimony.  Because
 the appellate court lacks the opportunity for direct observation of the
 witnesses, it should accord great deference to trial court findings where
 matters of credibility are involved.  Marquez v. Caudill, 376 S.C. 229,
 656 S.E.2d 737 (2008); Dodge v. Dodge, 332 S.C. 401, 505 S.E.2d 344
 (Ct.App.1998).  [W]here there is disputed evidence, the appellate court may adhere
 to the findings of the family court. . . .  Because the family court is in a
 superior position to judge the witnesses demeanor and veracity, its findings should
 be given broad discretion. . . . Furthermore, the appellate court should be reluctant to substitute its own evaluation of the evidence . . . for that
 of the [family] court.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d
 620, 623 (2003).  (Emphasis supplied; internal citation omitted).  
Condonation is the
 forgiveness, either express or implied, of a prior matrimonial offense by one
 spouse for a breach of marital duty by the other on the condition that it not
 be repeated.  It is primarily a state of mind, the existence of which may
 appear either from the language used, from conduct, or both.  Wilson v. Wilson, 274 S.C. 236, 262 S.E.2d 732 (1980); McLaughlin v. McLaughlin,
 244 S.C. 265, 136 S.E.2d 537 (1964).  Condonation may be presumed from
 cohabitation; and a lapse of time, or continuance of marital cohabitation with
 knowledge of the offense, raises a presumption of condonation.  Although this
 presumption may be rebutted by evidence of the accompanying circumstances, the
 burden of rebutting it is on the plaintiff.  McLaughlin.  
It is undisputed
 here that both parties engaged in adulterous relationships.  The sole issue is
 whether Husband condoned Wifes adultery, and if not, whether he proved the
 defense of recrimination, as a bar to Wifes receipt of alimony.  The family
 court held as follows:

 Husband
 claims Wife committed adultery with Ray Wright in about 1997.  At trial,
 Husband contended he first learned of Wifes adultery at the deposition of Wife
 taken in this case on September 5, 2001.  However, in his original, pro se
 Answer and Counterclaim, Husband alleged Wife committed adultery with Mr.
 Wright.  In this affidavit he filed at the temporary hearing, Husband swore
 Wife became involved in an adulterous affair with Ray Wright.  At his own
 deposition, prior to the deposition of Wife, Husband maintained he
 believed Wife committed adultery with Mr. Wright based on a telephone
 conversation he had with Mrs. Wright.  Wife credibly testified at trial that
 Husband confronted her about Mr. Wright in about 1997.  It was clear to Wife
 that Husband believed she had committed adultery with Mr. Wright and Husband
 told Wife to take care of it.  Therefore, even if Husband met his burden of
 proof and appropriately corroborates Wifes adultery, Wife provided through clear
 and convincing evidence that any adultery committed by her was condoned and
 forgiven by Husband prior to the separation of the parties and prior to the
 commencement of Husbands adulterous relationship with Ms. Marlett.  

The Court of
 Appeals reversed the finding of condonation, finding Husbands allegations that
 he believed Wife had engaged in an adulterous affair were not tantamount to
 full knowledge of the affair.[2]  The Court of Appeals found that, prior to Wifes deposition, Husband had only
 a suspicion that Wife engaged in an adulterous affair.   
Although we are
 mindful that an appellate court may take its own view of the preponderance of
 the evidence, under the limited factual circumstances presented, we find the
 Court of Appeals erred in substituting its own view of the evidence.  Husband
 testified that although he believed Wife had had an affair, this belief was not
 confirmed until the time of Wifes deposition.  The family court held, Wife
 credibly testified at trial that Husband confronted her about Mr. Wright in
 about 1997.  It was clear to Wife that Husband believed she had committed
 adultery with Mr. Wright and Husband told Wife to take care of it.   The
 family court, which heard and saw the witnesses, was in the better position to
 assess the credibility of the parties and specifically found Wifes testimony
 credible.  Given these facts, we find the Court of Appeals erred in
 substituting its own view of the evidence on the issue of witness credibility. 
 Accordingly, we reverse the Court of Appeals holding, and reinstate the order
 of the family court.  
REVERSED.  
TOAL, C.J.,
 MOORE, WALLER, PLEICONES, JJ., and Acting Justice Peter L. Fuge, concur.

[1]  We need address only Wifes first issue.
[2]  In holding Husband did not condone Wifes
 conduct because he did not have full knowledge of the affair, the Court of Appeals
 employed a standard of knowledge which is not consistent with our established
 law of condonation.  Accordingly, the Court of Appeals holding based on this
 application of a heightened standard is reversed.