**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Richard Tener, Respondent,

v.

Judy Wells Tener, Appellant.

Appellate Case No. 2013-002062

Appeal From Lexington County
Deborah Neese, Family Court Judge

Unpublished Opinion No. 2015-UP-329
Submitted April 1, 2015 – Filed July 1, 2015

**AFFIRMED**

Wendy Pauling Levine, of the Law Office of Wendy Pauling Levine, of Columbia, for Appellant.

Jean Perrin Derrick, of Jean P. Derrick Law Office, of Lexington, for Respondent.

**PER CURIAM:** Judy Wells Tener appeals the family court's order, arguing the family court erred in (1) awarding attorney's fees to James Richard Tener, (2) finding her in contempt for failing to attend mediation and not finding James in contempt for failing to maintain a required life insurance policy, (3) using

Schedule C to calculate James's child support obligation, and (4) not awarding her attorney's fees for her Rule 59(e), SCRCP, motion.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in awarding attorney's fees to James: *Dickert v. Dickert*, 387 S.C. 1, 10, 691 S.E.2d 448, 452 (2010) (providing the decision whether to award attorney's fees is a matter within the sound discretion of the family court); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding that in determining whether to award attorney's fees, the family court should consider the following factors:  "(1) the party's ability to pay his . . . own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding that when determining the reasonableness of a fee award, the court should consider the following factors:  "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Miller v. Miller*, 375 S.C. 443, 463, 652 S.E.2d 754, 764 (Ct. App. 2007) ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees.  The award of attorney's fees is not a punishment but an indemnification to the party who instituted the contempt proceeding.").

2.  As to whether the family court erred in finding Judy in contempt for failing to attend mediation and not finding James in contempt for failing to maintain a required life insurance policy:  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [an appellate court] reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations." (footnote omitted)); *id.* at 388-89, 709 S.E.2d at 654 ("[De novo] review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court."); *Miller*, 375 S.C. at 454, 652 S.E.2d at 759 ("Contempt results from the willful disobedience of an order of the court." (internal quotation marks omitted)); *id.* at 454, 652 S.E.2d at 759-60 ("A willful act is one which is done voluntarily and intentionally with the specific

intent to do something the law forbids[] or . . . fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." (internal quotation marks omitted)); *id.* at 454, 652 S.E.2d at 760 ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (internal quotation marks omitted)); *id.* ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct. Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (citations and internal quotation marks omitted)).

3.  As to whether the family court erred in using Schedule C to calculate James's child support obligation:  *Floyd v. Morgan*, 383 S.C. 469, 476, 681 S.E.2d 570, 573 (2009) ("[U]pon a finding of a substantial change in circumstances[,] the family court . . . has discretion to utilize any [w]orksheet [it] finds appropriate under the facts of the case."), *disapproved of on other grounds by Miles v. Miles*, 393 S.C. 111, 711 S.E.2d 880 (2011); *Miller v. Miller*, 299 S.C. 307, 312, 384 S.E.2d 715, 717 (1989) ("Once a substantial . . . change in circumstances is found, the [family] court must . . . determine an appropriate amount of child support.  In modifying child support, the court should be guided by the same principles which guide the [family] court in making its initial award."); *id.* ("The [family] court is to award support in an amount sufficient to provide for the needs of the children and to maintain the children at the standard of living they would have been provided but for the divorce.").

4.  As to whether the family court erred in not awarding Judy attorney's fees for her Rule 59(e) motion:  *E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 (providing that in determining whether to award attorney's fees, the family court must consider whether the party requesting fees obtained beneficial results).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.