**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Mark Hodapp, Respondent,

v.

Elizabeth Judy Hodapp, Appellant.

Appellate Case No. 2014-002178

_____

Appeal From Charleston County
Jan B. Bromell Holmes, Family Court Judge

_____

Unpublished Opinion No. 2016-UP-342
Submitted May 2, 2016 – Filed June 29, 2016

_____

**AFFIRMED**

_____

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, and Jane Nussbaum Douglas, of Bluestein & Douglas, LLC, of Mt. Pleasant, for Appellant.

Alexander Blair Cash, of Rosen Rosen & Hagood, LLC, of Charleston, for Respondent.

_____

**PER CURIAM:** Elizabeth Judy Hodapp (Mother) appeals the family court's reduction of child support owed by her ex-husband, Anthony Mark Hodapp (Father). Mother argues the court erred in (1) determining Father's current

unemployment was an unanticipated change of circumstances; (2) setting Father's child support pursuant to the South Carolina child support guidelines when the parties agreed in 2010 to deviate from the guidelines based upon Father's substantial assets and the only change of circumstances was the emancipation of the parties' oldest child; (3) not imputing Father any wage income in setting child support when Father had most recently earned $160,000 per year in salary and provided minimal evidence he was actively seeking work or unemployment; and (4) reducing Father's child support on the basis of an unanticipated change of circumstances when he continued to have the ability to pay above guideline child support.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the court erred in determining Father's current unemployment was an unanticipated change of circumstances; whether it was error to reduce his child support because he still had the ability to pay above guidelines child support; and whether the family court erred in not imputing any wage income to Father because he made only "limited efforts [to find employment] in a narrow range of fields over a limited period of time": *Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989) ("A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances." (citing *Thornton v. Thornton*, 294 S.C. 512, 516, 366 S.E.2d 37, 39 (Ct. App. 1988))); *id.* ("The burden is upon the party seeking the change to prove the changes in circumstances warranting a modification."); *id.* at 310, 384 S.E.2d at 717  ("A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons." (citing *Smith v. Smith*, 275 S.C. 494, 497, 272 S.E.2d 797, 798 (1980))); *Lewis v. Lewis*, 400 S.C. 354, 361-62, 734 S.E.2d 322, 326 (Ct. App. 2012) ("[I]n determining child support or alimony obligations, the family court has the discretion to impute income to a party who is voluntarily unemployed or underemployed."); S.C. Code Ann. Regs. 114-4720(A)(5)(B) (Supp. 2015) (providing "[i]n order to impute income to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earnings level of the parent based on that parent's recent work history, occupational qualifications, and prevailing job opportunities and earning levels in the community"); *Gartside v. Gartside*, 383 S.C. 35, 44, 677 S.E.2d 621, 626 (Ct. App. 2009) ("Whether termed voluntary underemployment, imputation of income, or the failure to reach earning potential, the case law is clear that when a payor spouse seeks to reduce support obligations based on his diminished income, a court should consider the payor spouse's earning capacity."

(citing *Kelley v. Kelley*, 324 S.C. 481, 488, 477 S.E.2d 727, 731 (Ct. App. 1996))); *id.* ("The failure to reach earning capacity, by itself, does not automatically equate to voluntary underemployment such that income must be imputed."); *id.* ("Although some of the precedents appear inconsistent, the common thread in cases when actual income versus earning capacity is at issue is that courts must closely examine the payor spouse's good faith and reasonable explanation for the decreased income.").

2.      As to whether the family court erred in reducing Father's child support on the basis of an unanticipated change of circumstances when he continued to have the ability to pay above guideline child support: S.C. Code Ann. Regs. 114-4710(B) (2012) ("Deviation from the guidelines should be the exception rather than the rule."); S.C. Code Ann. Regs. 114-4710(D) (2012) (providing "the court may deviate from the guidelines based on an agreement between the parties . . . , [but it] still has the discretion and the independent duty to determine if the amount is reasonable and in the best interest of the child(ren)"); *Burch v. Burch*, 395 S.C. 318, 331, 717 S.E.2d 757, 764 (2011) ("In determining whether or not to award child support, courts should consider both parents': (1) incomes; (2) ability to pay; (3) education; (4) expenses; (5) assets; and (6) the facts and circumstances surrounding each case."); *DiMarco v. DiMarco*, 399 S.C. 295, 299, 731 S.E.2d 617, 619 (Ct. App. 2012) (stating an appellate court "will affirm the decision of the trial court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.