**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Medlin, Respondent,

v.

Crystal White, n/k/a Crystal Stroud, Appellant.

Appellate Case No. 2015-000906

———————

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-170
Submitted February 1, 2017 – Filed April 19, 2017

———————

**AFFIRMED**

———————

Cheryl Turner Hopkins, of Law Office of Cheryl Turner Hopkins, of Florence, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City, and Everett Guy Ballenger, of Barth, Ballenger & Lewis, LLP, of Florence, both for Respondent.

———————

**PER CURIAM:** Crystal Stroud (Mother) appeals the family court's order reducing the amount of the child support Kevin Medlin (Father) owed. On appeal, Mother argues the family court erred in (1) imputing Father's income at $3,333.33

a month, (2) finding Father was entitled to a reduction in child support, (3) allowing Father four years to satisfy his child support arrearage, and (4) failing to award Mother a portion of her attorney's fees and costs.  We affirm[1] pursuant to the following authorities:

1.  As to whether Father was entitled to a reduction in child support and whether the family court erred in imputing Father's income at $3,333.33 a month: *Hawkins v. Hawkins*, 403 S.C. 228, 241, 742 S.E.2d 677, 684 (Ct. App. 2013) ("A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances."  (quoting *Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989))); *id.* ("The burden is upon the party seeking the change to prove the changes in circumstances warranting a modification." (quoting *Miller*, 299 S.C. at 310, 384 S.E.2d at 716); *id.* ("A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons."  (quoting *Miller*, 299 S.C. at 310, 384 S.E.2d at 717)); *Lewis v. Lewis*, 400 S.C. 354, 361–62, 734 S.E.2d 322, 326 (Ct. App. 2012) ("[I]n determining child support or alimony obligations, the family court has the discretion to impute income to a party who is voluntarily unemployed or underemployed."); *id.* ("Whether termed voluntary underemployment, imputation of income, or the failure to reach earning potential, the case law is clear that when a payor spouse seeks to reduce support obligations based on his diminished income, a court should consider the payor spouse's earning capacity." (quoting *Marchant v. Marchant*, 390 S.C. 1, 9, 699 S.E.2d 708, 712 (Ct. App. 2010))); S.C. Code Ann. Regs. 114-4720(A)(5)(B) (Supp. 2016) ("In order to impute income to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earnings level of the parent based on that parent's recent work history, occupational qualifications, and prevailing job opportunities and earning levels in the community.").

2.  As to whether the family court erred in allowing Father four years to pay his child support arrearage: *Lewis*, 400 S.C. at 361, 734 S.E.2d at 325 ("[D]e novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.  Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (alteration in original) (citation omitted) (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011)).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.  As to whether the family court erred in denying Mother's request for a portion of her attorney's fees: *Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) ("An award of attorney's fees rests within the sound discretion of the [family court] and should not be disturbed on appeal absent an abuse of discretion."  (quoting *Doe v. Doe*, 319 S.C. 151, 157, 459 S.E.2d 892, 896 (Ct. App. 1995))).

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**