**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Theodore Eric Rothman, Respondent,

v.

Kimberly Kyker Rothman, Appellant.

Appellate Case No. 2018-000904

———————

Appeal From Greenville County
Tarita A. Dunbar, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-320
Submitted February 1, 2021 – Filed September 8, 2021

———————

**AFFIRMED**

———————

Druanne Dykes White, of White, Davis & White Law Firm, PA, of Anderson, and Gwendolynn Wamble Barrett, of Barret Mackenzie, LLC, of Greenville, both for Appellant.

Joseph M. Ramseur, Jr., of Mitchell Ramseur, LLC, and David Alan Wilson, of Wilson & Englebardt, LLC, both of Greenville, for Respondent.

———————

**PER CURIAM:**  Kimberly Kyker Rothman (Mother) appeals the family court's order, arguing the family court erred in failing to order Theodore Eric Rothman (Father) to pay her direct child support.  We affirm.[1]

We disagree with Mother's argument that the family court erred in its award of child support.  "On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019).  "Thus, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence." *Id.*  "However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Id.*  "Therefore, the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings." *Id.* at 611-12, 837 S.E.2d at 232.

"A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances." *Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989).  "The burden is upon the party seeking the change to prove the changes in circumstances warranting a modification." *Id.*  "This burden is always a high one, hence the requirement that the change in circumstances be 'substantial.'" *Miles v. Miles*, 393 S.C. 111, 120, 711 S.E.2d 880, 885 (2011).  "A substantial or material change in circumstances might result from changes in the needs of the children or the financial abilities of the supporting parent to pay among other reasons." *Miller*, 299 S.C. at 310, 384 S.E.2d at 717.  "Generally, however, changes in circumstances within the contemplation of the parties at the time the initial decree was entered do not provide a basis for modifying a child support award." *Id.*  "Once a substantial and material change in circumstances is found, the court must review the facts and circumstances in order to determine an appropriate amount of child support." *Id.* at 312, 384 S.E.2d at 717.  "In modifying child support, the court should be guided by the same principles which guide the court in making its initial award." *Id.*  "The factors to be considered by the court in establishing the amount of child support obligations are both parents' income, ability to pay, education, expenses, and assets and the facts and circumstances surrounding each case." *Id.*  "The court is to award support in an amount sufficient to provide for the needs of the children and to maintain the children at the standard of living they would have been provided

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

but for the divorce." *Id.* "The award should be an amount the parent can pay and still meet his or her own needs." *Id.*

"Family court judges are generally required to follow the South Carolina Child Support Guidelines (Guidelines) when awarding child support." *Burch v. Burch*, 395 S.C. 318, 331, 717 S.E.2d 757, 764 (2011); *see also* S.C. Code Ann. § 63-17-470(A) (2010) ("In any proceeding for the award of child support, there is a rebuttable presumption that the amount of the award which would result from the application of the guidelines required under [South Carolina Code] Section 43-5-580(b) [(2015)] is the correct amount of child support to be awarded."). "These guidelines provide for calculated amounts of child support for a combined parental gross income of up to $30,000 per month, or $360,000 per year. Where the combined gross income is higher, courts should determine child support awards on a case-by-case basis." S.C. Code Ann. Regs. 114-4710(A)(3) (Supp. 2020).

Mother argues the family court should have considered the parties' increased lifestyles, incomes, expenses and standard of living, the children's increased lifestyles and standard of living, the disparity in the parties' incomes, and that Mother will now be primarily responsible for the needs of the children, as she now has full custody. In addition, Mother argues the family court's order does not take into consideration the dynamic of parental alienation. She asserts that while the family court ordered Father to pay for all extracurricular activities in which Mother may enroll the children, Father may pressure the children to decline to participate if he does not approve. She also asserts parental alienation requires her to work less, and thus earn less than Father. Additionally, Mother argues that while it was appropriate for the family court to consider that the children had always attended private school, their tuition should not have been the only consideration in making the child support award, and the family court erred in ignoring the children's other basic needs.

We find the majority of Mother's arguments are not preserved for appellate review because they were not raised to and ruled upon by the family court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating for an issue to be preserved for appeal it must have been raised to and ruled upon by the lower court); *Nelson v. Nelson*, 428 S.C. 152, 182, 833 S.E.2d 432, 447 (Ct. App. 2019) (finding some of the husband's arguments were "not preserved because they were not ruled upon by the family court in its final order or raised in a proper posttrial motion"); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

In her motion to alter or amend, Mother did not request clarification of the family court's award of support. Instead, she asserted that the family court's order should be amended to include a provision requiring Father to purchase a vehicle for each child at an appropriate age and pay all insurance on the vehicles. She further stated, "In the alternative, Plaintiff/Father should be ordered to pay Defendant/Mother child support in the amount of $5,000.00 per month through the Greenville County Clerk of Court's Office."

Although Father objected to the family court requiring him to purchase vehicles for the children, the basis for his objection was that such a requirement would create an entitlement in the children to the vehicles. Father had already provided the older son with a vehicle. He also pays for the insurance and maintenance on it. There is no indication Father would not similarly provide the other two children with vehicles at the appropriate age. The family court may have reasoned Father's voluntary provision of a vehicle for the older son and presumably the other children at an appropriate time satisfied Mother's request. *See McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 79 (Ct. App. 1996) (explaining a party cannot complain on appeal when he or she receives the relief requested at trial).

Mother asked for $5,000 a month in child support only in the alternative. She did not set forth how she derived the $5,000 figure. In her pleadings, she requested child support according to the Guidelines. When asked on cross-examination why she needed child support, Mother responded, "Children are expensive." Mother testified that if the children were with her eighty percent of the time pursuant to Judge Brown's standard visitation, her expenses would increase "a lot." She explained, "Well it would be twice the amount of food, more clothing, more incidentals; if they were with me then I would have to provide more gas money for [the older son] if and when he needs it. I presume I would have to start looking at getting a car for [the daughter] . . . ."

In lieu of support, the family court ordered Father to pay many of the children's expenses, including health insurance and all of their private school expenses. *See Burch*, 395 S.C. at 329, 717 S.E.2d at 763 (stating a family court may order the parties to contribute to private school expenses when appropriate). Here, Father pays all of the children's school expenses, including Mother's share, in lieu of giving child support directly to Mother.

In addition, the family court increased Father's contribution from seventy-five percent to one hundred percent for tutors and summer camps and related fees and

expenses. The court also required Father to pay for all extracurricular activities in which Mother chose to enroll the children and did not give Father the right to limit these activities. The record shows the children have been involved in numerous extracurricular activities, including soccer, basketball, flag football, volleyball, and piano. However, the record does not set forth their current activities or the costs of those activities. We find Mother's general testimony regarding expenses does not evidence an increase in the children's needs that would render the support the family court ordered unreasonable. *See Bauckman v. McLeod*, 429 S.C. 229, 249, 838 S.E.2d 208, 218 (Ct. App. 2019) ("[G]eneral testimony regarding increased expenses, without specific evidentiary support, is an insufficient showing of changed circumstances." (quoting *Upchurch v. Upchurch*, 367 S.C. 16, 26, 624 S.E.2d 643, 648 (2006))).

Taking our own view of the preponderance of the evidence, we hold Mother failed to meet her burden of demonstrating the family court erred in its child support ruling.

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**